GAETANO PALLOTTA'S (dependent's) CASE.

Suffolk.    December 1, 1924. — January 29, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

A policy of Massachusetts workmen's compensation insurance and employer's liability insurance covering an employer under the heading: "General Trucking for the City of Springfield, including drivers, chauffeurs and their helpers, stablemen, garagemen, blacksmiths, repairmen and riggers," does not warrant a decree under the workmen's compensation act for the dependents of one who was employed by the insured in digging sand in a sand pit owned by the insured's wife for the purpose of getting it ready to load into an automatic conveyer to a truck for delivery to the yard of the city of Springfield, to which the sand had been sold.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the widow of Gaetano Pallotta, who was killed while in the employ of Jeremiah Sullivan in the circumstances described in the opinion.

In the Superior Court, by order of *Morton*, J., a decree awarding compensation was entered. The insurer appealed.

*J. E. Reagan*, for the insurer.

*H. A. Moran*, for the claimant, submitted a brief.

PIERCE, J. This is an appeal from a decree of the Superior Court in accordance with the decision of the board member and, on review, of the Industrial Accident Board, which awarded compensation to the widow of Gaetano Pallotta under the provisions of the workmen's compensation act, G. L. c. 152.

Pallotta was a laborer, at intervals employed by Jeremiah Sullivan to shovel sand, at a sand pit or bank owned or controlled by the wife of Sullivan. Before Mrs. Sullivan acquired her interest in the land, Sullivan was engaged in the general trucking business in the city of Springfield, with one truck. After the interest in the sand pit was acquired, he bought another truck. He delivered sand from this pit to Fred T. Ley, to one Stevens, and some to the city of Springfield. Pallotta, at the last hiring, was engaged by Sullivan, on a Saturday, to help him out for a few hours Sunday morning to deliver about four loads of sand to the Springfield city yard. Sunday morning, the day of the accident, Pallotta came to the yard where Sullivan was fixing the gasoline engine, got a pail of water for him, and then, to keep warm, with one Bianchi broke the sand away from the bank, getting it ready to load into an automatic conveyer to the truck. After Pallotta and Bianchi had worked about fifteen minutes the bank fell and buried Pallotta in the sand.

Sullivan was insured by a Massachusetts workmen's compensation and employer's liability policy, which policy covered him under the heading: " General Trucking for the City of Springfield, including drivers, chauffeurs and their

helpers, stablemen, garagemen, blacksmiths, repairmen and riggers. . . . (7219)"; "Estimated Total Annual Remuneration $1200"; "Rate per $100 of Remuneration $3.00." The question for decision is, Does the policy cover the services of Pallotta in his employment as a digger and loader of sand? There is no natural connection between the business of trucking and the business of digging and removing sand from a sand pit, for sale, even though the profits of such combined businesses are greater than would be attributed to the two businesses conducted separately. Pallotta when injured was not working as a driver, chauffeur or helper of such, nor as a stableman, garageman, blacksmith, repairman or rigger. It results that the decree of the Superior Court must be reversed and a decree entered for the insurer.

*So ordered.*