### ALPHONSE PEDERZOLI'S CASE.

Suffolk.    November 14, 1929. — January 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* To whom act applies.

A contractor, having an office in the Commonwealth and doing road building work therein and in other nearby States, hired an employee in the Commonwealth and offered to send him to work in Vermont "for the time being." The employee accepted the offer, and, while at work for the contractor in Vermont, received injuries arising out of and in the course of his employment. He did not give notice of his claim of right of action under the laws of Vermont. In proceedings

thereafter instituted by the employee under the workmen's compensation act, G. L. c. 152, it was *held* that, in such circumstances, he was entitled to compensation under St. 1927, c. 309, § 3, amending § 26 of the act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board awarding compensation to the claimant, who was injured while in the employ of Perini and Sons, Inc.

The single member found that the claimant had not given notice of his claim of right of action under the laws of Vermont. Other material facts found by the single member and adopted by the Board in review are stated in the opinion. In the Superior Court, a decree was entered in accordance with the decision of the Board by order of *Lummus*, J. The insurer appealed.

*G. Gleason*, for the insurer.

*W. A. Murray*, for the claimant.

PIERCE, J. This is an appeal by the insurer from a final decree of the Superior Court wherein, in substance, it is adjudged and decreed that the employee sustained a personal injury on August 22, 1928, within the provisions of the Massachusetts workmen's compensation act, that thereafter he was totally disabled, and that the insurer should pay compensation as therein determined in detail.

All the material evidence received at the hearing on the employee's petition for compensation, which was before a member of the Industrial Accident Board, and on review before the Industrial Accident Board, is reported. The facts which were supported by the evidence, and are pertinent to the issue raised by the insurer, were found by the member and by the board to be in substance as follows: The employer, which maintains an office in Massachusetts and a field office in Vermont, was and is a contractor doing road building in Massachusetts and other New England States. In the summer of 1928 this corporation was building a road in Georgia, Vermont, and at the same time had a contract for the building of a road in Marlborough, Massachusetts, and with the State of Maine for the building of a

road in Maine. In February, 1928, the employee asked the employer's agent for work and was told he would be given a job as soon as the employer "had something opening up." On July 26, 1928, the employer's agent telephoned from Framingham, Massachusetts, to the employee at Milford, Massachusetts, that he had a job for him, and in reply to a question of the employee told him that "he was going to try to get him work in Marlborough, Massachusetts." On July 27, 1928, the employer's agent told the employee that he would "send him to Vermont for the time being." The employee accepted the proposal and within a few days after July 27, 1928, was taken to Vermont at the employer's expense. From that time he worked in Vermont as a time-keeper for the employer until August 22, 1928, when he received personal injuries which arose out of and in the course of his employment. The employer insured its employees in Massachusetts, New Hampshire and Vermont, under a standard workmen's compensation policy #44434A.

The insurer contends that the decree should be reversed and a decree entered in favor of the insurer because the employee is not entitled, as he claims, to compensation under the provisions of the Massachusetts workmen's compensation act. The employee and the insurer concede that the workmen's compensation act, G. L. c. 152, § 26, in its operation was not intended by the Legislature to cover injuries received outside the Commonwealth until that act was amended by St. 1927, c. 309, § 3, to read as follows: "If an employee who has not given notice of his claim of common law rights of action, under section twenty-four, or who has given such notice and has waived the same, receives a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer, and whether within or without the Commonwealth, he shall be paid compensation by the insurer, as hereinafter provided, if his employer is an insured person at the time of the injury; provided, that as to an injury occurring without the Commonwealth he has not given notice of his claim of rights of

action under the laws of the jurisdiction wherein such injury occurs or has given such notice and has waived it." *Gould's Case*, 215 Mass. 480.

The insurer does not contend that the extra-territorial amendment to the workmen's compensation act is unconstitutional in its application to employees who are injured while engaged in work outside the Commonwealth if such is incidental to and a part of the duties and services contemplated to be performed in Massachusetts, or if the employee is engaged in work which is incidental to and in furtherance of an undertaking carried on or begun by the employer in Massachusetts; but does contend that the workmen's compensation act, as amended, is not available to an employee injured while at work outside the Commonwealth, under a contract of hire to perform work outside the Commonwealth, which is separate and distinct from any work carried on by the employer within the Commonwealth, although it may be of the same kind; and that the right of the employee, if any, is to be sought in the State where the work is to be performed.

The argument is ingenious, but not convincing, that the Legislature intended that upon facts like the present the amendment in its effect should be strictly construed, and that so interpreted it should be limited in its application to cover cases only where the employee when injured while working outside the Commonwealth was engaged in work which was incidental to and in furtherance of an undertaking carried on in Massachusetts. We think G. L. c. 152, § 26, as amended by St. 1927, c. 309, § 3, should be broadly construed; and that so interpreted the intent of the Legislature is unequivocal, plain and unmistakable that in circumstances like the present an employee injured in the performance of work which arose out of and in the course of his employment should have compensation under the workmen's compensation act. See in this connection *Kennerson* v. *Thames Towboat Co.* 89 Conn. 367; *Grinnell* v. *Wilkinson*, 39 R. I. 447; *Crane* v. *Leonard, Crossette & Riley,* 214 Mich. 218; *Post* v. *Burger & Gohlke,* 216 N. Y. 544.

*Decree affirmed.*