ARTHUR G. PHALEN'S CASE.

Suffolk.    April 1, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Insurance*, Workmen's compensation. *Evidence*, Competency, Relevancy and materiality.

At the hearing by the Industrial Accident Board of a claim for compensation under the workmen's compensation act, there was evidence that the policy of insurance of the employer stated, under the heading "Classifications of Operations", the following: "Lumber Yards and Building Material Dealers . . . including drivers, chauffeurs and their helpers . . . Coal Merchants — including drivers, chauffeurs and their helpers . . ."; that the employer operated a coal yard and a gravel pit about three miles apart; that the claimant was injured while operating some hoisting machinery in the gravel pit of the employer, from which sand and gravel were taken and sold to contractors for use as building materials; that the employer employed seven or eight men in the coal yard and gravel pit; that the gravel pit was not operated in the winter; that on the books of the business transactions relating to the gravel pit and those relating to the coal business were not kept separate; that the pay roll for both places was "all lumped together"; that the claimant in his work hauled coal and material, drove teams and trucks, and in his spare time worked in the pit; that in the course of his duties he worked about an equal part of the time at the coal yard and at the pit. The board found that the employer's insurance covered the employees of the subscriber whether working in the gravel pit or in the coal yard, and that operating the machinery in the gravel pit and selling the stone and gravel were incidental to and part of the business of the employer. *Held*, that

(1) The evidence warranted the finding by the board, and it must stand;

(2) It was proper for a single member of the board who first heard the claim to exclude testimony of an inspector of risks of the insurer that, acting under instructions from the insurer, he visited the employer's place of business, his coal yard, to examine the nature of the operations therein conducted; that he found the premises were occupied as a coal yard and for the storage of builders' supplies; and that he was not informed that the insured operated a gravel pit;

(3) It was proper for the single member to exclude testimony of the manager of the insurer's underwriting department that, in the classification of risks, a gravel pit would come under a different classi-

fication from that given to the subscriber in the policy; and that an operated gravel pit with a stone crusher is a more hazardous risk than the operations declared in the policy and would demand a higher premium.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board affirming and adopting the findings and decision of a single member upon a claim relating to injuries received as described in the opinion, and awarding compensation.

In the Superior Court, by order of *Whiting*, J., a final decree was entered granting compensation. The insurer appealed.

*B. Potter*, for the insurer.

*A. B. Rigney*, for the claimant.

CROSBY, J. This is a proceeding under the workmen's compensation act. The employer and subscriber was Howard J. Cashman who was engaged in the business of dealing in coal, lumber and building materials including sand and gravel. His place of business was situated in the Bradford section of Haverhill. He also owned a gravel pit about three miles from Haverhill, in Plaistow, in the State of New Hampshire. Sand and gravel taken from the pit were sold to contractors for use as building materials. While operating some hoisting machinery in this pit the claimant's right arm was caught by a wire cable causing an injury which necessitated amputation of the arm.

The board member found that the policy issued to the subscriber by the insurer covered the employees of the subscriber whether working in the gravel pit in New Hampshire or in the coal yard in Haverhill, and that operating the machinery in the gravel pit and selling the stone and gravel were incidental to and part of the business of the employer. In the policy under the heading "Classifications of Operations" appears the following: "Lumber Yards and Building Material Dealers — no second hand material — including drivers, chauffeurs and their helpers (8232) . . . Coal Merchants — including drivers, chauffeurs and their helpers . . ." If the finding of the board member that the

operation of the gravel pit was a part of the business of the employer as a dealer in building materials is supported by the evidence, it must stand in so far as it is a finding of fact. It will not be set aside if there is any evidence to support it. *Pigeon's Case*, 216 Mass. 51. *Crown's Case*, 254 Mass. 496. *Johnson's Case*, 258 Mass. 489. *Cooper's Case, ante*, 38.

The subscriber testified that he employed seven or eight men in the coal yard and gravel pit; that the gravel pit was operated "in the season from April to the time the frost appears on the ground"; that they do not operate it in winter. On the books of the business, transactions relating to the gravel pit and those relating to the coal business are not kept separate. The employer's pay roll for both places is "all lumped together." The sand and gravel from the pit are a part of the employer's building supply and are sold to his customers and to contractors. The claimant testified that in his work for the subscriber he hauled coal and material, drove teams and trucks, and in his spare time worked in the pit; that in the course of his duties he worked about an equal part of the time at the coal yard and at the pit.

The foregoing testimony warranted a finding that the operation of the gravel pit was incidental, and a part of the subscriber's business of dealing in building materials. The operation of the gravel pit and the dealing in building materials on the premises in Haverhill were substantially one business. There was a close and mutually dependent connection between the two operations both in nature and in management. It follows that the injury to the claimant was one covered by the policy. *Howard's Case*, 218 Mass. 404. *Cox's Case*, 225 Mass. 220, 224, 225. *Soares's Case*, 270 Mass. 3.

The facts in the present case are distinguishable from those in *Pallotta's Case*, 251 Mass. 153, relied on by the insurer, where the employee was killed while working in a sand pit operated by the insured, who was engaged in the general trucking business and insured under a policy covering that business. It was held that there was no natural connection between the trucking business and that in which

the employee was engaged at the time of his death. In the case at bar the wages paid for work in the gravel pit were, on the subscriber's books, included in the wages for work performed in connection with the coal yard. It is a reasonable inference that the wages so earned by employees for work in the gravel pit were considered in the estimate of total annual remuneration set forth in the policy as the basis for the premium to be paid, and one that lends support to the conclusion that the claimant was covered by the policy. *Emery's Case, ante*, 46.

It remains to consider certain questions arising from the exclusion of evidence at the hearing before the board member. The insurer offered the testimony of one Smith, an inspector of risks in its employ, to the effect that Smith, acting under instructions from the company, visited the subscriber's place of business in Bradford to examine the nature of the operations thereon conducted; that he found the premises were occupied as a coal yard and for the storage of builders' supplies; that he was not informed that the insured operated a gravel pit. This testimony was properly excluded. It had no relevancy to any issues involved. The insurer also offered the testimony of one Bangs, manager of its Boston underwriting department, to prove that, in the classification of risks, a gravel pit would come under a different classification from that given to the subscriber in the policy; that an operated gravel pit with a stone crusher is a more hazardous risk than the operations declared in the policy and would demand a higher premium. There was no error in the exclusion of this testimony. If the claimant was covered by the policy, it was not material whether the insurer, had it known of the operation of the gravel pit, would have charged a higher premium or assigned a different classification in the policy. The proffered testimony could not affect the rights of the employee. *Cox's Case*, 225 Mass. 220, 225.

*Decree affirmed.*