## CHARLES SHANNON'S CASE.

Suffolk.    December 3, 1930. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Workmen's Compensation Act,* To whom act applies.

One who was employed by a corporation engaged in the manufacture of cotton goods in a mechanical department maintained for the purpose of performing work in connection with the plant, and who slipped and fell as he was walking across the mill yard carrying an iron pipe to be used as a part of a new feed system in a pump room, was not precluded from the benefits of the workmen's compensation act merely because the work at which he was engaged when injured was new construction work, where it appeared that such construction was "a necessary part of the business for which the corporation was chartered": he was not within any exception stated in the definition of employee in G. L. c. 152, § 1 (4).

The mere facts, that the policy under which the employer above described was insured required a statement of the payroll in each department as the basis for fixing the premium to be paid, and that "New construction repairs and maintenance undertaken by contractors must be separately insured," and that the employer did not state a payroll for such new construction work, did not preclude the employee from the benefits of the act, where it also appeared that the policy further provided that the premium was based upon the entire remuneration earned during the policy period by all the employees of the employer engaged in the business operations described in such declarations "to-

gether with all operations necessary, incident or appurtenant thereto," and that, if any operation were not described by the employer in his declaration, he agreed "to pay the premium thereon, at the time of the final adjustment of the premium" at specified rates.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the claimant for injuries received while employed by Arkwright Corporation.

In the Superior Court, the case was heard by *Lummus, J.,* by whose order a decree awarding compensation was entered. The insurer appealed.

*E. Field,* for the insurer.

*C. Cosgrove,* for the claimant.

CARROLL, J. This is a workmen's compensation case in which there was a decree for the employee. The single question presented, as stated in the insurer's brief, is whether the claimant, at the time of his injury, was an employee as that word is defined in the statute, G. L. c. 152, § 1 (4), or whether he comes within the exception in said definition, as " one whose employment is not in the usual course of the trade, business, profession or occupation of his employer."

The employee was working on the employer's premises when injured. He was walking across the mill yard, carrying an iron pipe to be used as a part of a new feed system in the pump room, when he slipped and fell. The manager of the employer testified that the business of the employer was the manufacture of cotton goods; that the employer was constructing a humidifying process, and in connection with it new feed pipes were to be installed; that this was new construction work. The single member found that the employer maintained a mechanical department for the purpose of performing work in connection with the operation of its plant; that the claimant was employed in this department; that the construction of a new feed water line to the boilers was " a necessary part of the business for which the corporation was chartered."

Agreement I (b) of the policy is in part in these words: " To Indemnify this Employer against loss by reason of

liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed." Agreement V provides: "This agreement shall apply to such injuries sustained by any person or persons employed by this Employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made . . . ." The "Declarations" set out the "Division of Operations" as follows: Under 1 (a) "Cotton Spinning (Mill 1)" in columns entitled "Manual Code No.," "Estimated Total Annual Payroll," "Rate per $100 of Wages," "Estimated Premium," were appropriate entries; under this division corresponding items are set out following "(Mill 2)." In number 3 of these declarations are these words: "New construction work by employees of this Employer only classified as"; following this in the columns entitled, "Manual Code No." "Estimated Total Annual Payroll" "Rate per $100 of Wages," and "Estimated Premium" nothing was entered. Under number 3 of the declarations in a "Note" is the statement: "New construction repairs and maintenance undertaken by contractors must be separately insured."

It was decided in *Cox's Case*, 225 Mass. 220, that the workmen's compensation act does not permit an employer to become a subscriber as to one part, and to remain a nonsubscriber as to the remainder, of his business, which, in effect, is conducted as one business. In the case at bar the employer was carrying on the business of spinning cotton. In order to do this more effectually it was installing a humidifier, and although this was new construction, it was done at its usual place of business by its own employees, under its immediate management, and it could have been found to be in the usual course of its trade or business.

The purpose of the statute was to protect all the employees of the subscriber, under the terms of the statute. The fact that the work in which they were engaged was new construction does not exclude them. Their rights

under the act are protected to the same extent as those of employees engaged in the manufacturing processes.

The word "employee" is defined in G. L. c. 152, § 1 (4) as every person in the service of another under any contract of hire. The definition is comprehensive. The employee does not come within the exceptions stated. The policy of insurance is not to be construed to prevent recovery by an employee under the statute because of any language contained therein. The insured, under G. L. c. 152, § 1 (6), is an employer who has provided by insurance for the payment to his employees of the compensation required by this chapter. By G. L. c. 152, § 1, (7) the insurer is defined in these words: "any insurance company which has insured the compensation payable by an employer under this chapter." The indorsement on the policy provides that "The Company agrees to insure and secure to this Employer the rights, privileges, and immunities of an 'Insured' or 'Insured Person' under the provisions of" G. L. c. 152. Failure to refer to the payroll, rate of wages, and premium, following the mention of new construction work, is not controlling, for it is provided in "Condition A" that the premium is based upon the entire remuneration earned during the policy period, by all the employees of the employer engaged in the business operations described in such declarations, "together with all operations necessary, incident or appurtenant thereto . . . . If any operations as above defined are undertaken by this Employer but are not described or rated in said Declarations, this Employer agrees to pay the premium thereon, at the time of the final adjustment of the premium in accordance with Condition C hereof, at the rates, and in compliance with the rules, of the Manual of Rates in use by the Company upon the date of issue of this Policy."

The decree awarding compensation was right. The claimant was an employee within the meaning of the statute and he was not excluded by the terms of the policy. *Howard's Case,* 218 Mass. 404. *Hill's Case,* 268 Mass. 491. *Soares's Case,* 270 Mass. 3.

The insurer relies on *Pallotta's Case*, 251 Mass. 153. . There the employer was a truckman insuring his employees in this particular business; the employee when injured was at work digging in a sand bank owned by the employer's wife and it was held that there was no natural connection between the business of trucking and the business of digging and removing sand from a sand pit. Here it was found the work of the employee was a part of the usual course of the employer's business. In *Olsen's Case*, 252 Mass. 108, the employee received his injuries when engaged in an employment which was no part of his employer's trade, business or occupation. In *Corbett's Case*, 270 Mass. 162, the question concerned the right of the employee to recover when employed by an independent contractor. The statute considered in that case enacts that the employee of an independent contractor cannot recover compensation against the insured person, if the insured contracts with the employer of the injured employee to perform labor which is merely ancillary or incidental to the business carried on by the insured. No such question as was decided in the Corbett case arises in the case now before us. The claimant was not employed by an independent contractor; the employer maintained a mechanical department, and the construction of the new feed pipes was, as found by the single member and by the board, a necessary part of the business for which the corporation was chartered. The employer, by its own employees, prepared and maintained its plant, and by the same means undertook the work of installing the new humidifier. This could be found to be within its usual course of trade or business.

*Decree affirmed.*