## GUY McLAUGHLIN'S CASE.

Suffolk. November 13, 14, 1930. — January 13, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Workmen's Compensation Act,* Waiver by employee, Release. *Release. Conflict of Laws. Constitutional Law,* Full faith and credit.

One living in this Commonwealth and under contract of employment with an employer doing business here was sent by his employer to work in New Hampshire where he suffered a personal injury in 1929, was interviewed there by a claim adjuster of his employer's insurer, received from him $56 and signed and delivered to him a common law release. Subsequently there was a recurrence of the incapacity and he sought compensation under the workmen's compensation act. *Held,* that

(1) Under G. L. c. 152, § 26, as amended by St. 1927, c. 309, § 3, the release was of no effect to bar the employee's right to compensation under the Massachusetts act for the injury received in New Hampshire;

(2) Such construction of the statute does not render it in conflict with the full faith and credit clause of the Federal Constitution;

(3) There is nothing in the statute to support a construction that the giving of the release and the accepting of the money amounted to the giving of notice of a claim under the laws of New Hampshire:

to adopt such an interpretation of the statute would take away the protection intended by it;

(4) In awarding compensation under the act, the insurer should be credited with the payment made to the employee at the time the release was delivered by him.

CERTIFICATION under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the claimant in the circumstances described in the opinion.

In the Superior Court, by order of *Burns*, J., a decree was entered awarding compensation. The insurer appealed.

*G. Gleason*, for the insurer.

*J. H. Beale & S. B. Horovitz*, for the claimant.

CARROLL, J. The employee, who lived in Boston, was employed by the E. A. Abbott Company at its place of business in Boston to go to Cornish, New Hampshire, to work as a carpenter. His railroad fare was paid by the employer. While engaged at his work in Cornish "he cut himself with an axe" on April 22, 1929, and was incapacitated for two weeks and five days. A claim adjuster of the insurer called upon him in New Hampshire after he returned to work and paid him $42.50 for his lost time and in addition $14, which the employee had paid for medical attendance. The employee then signed and there delivered a common law release. The adjuster testified that he explained to the employee that he had common law rights and compensation rights, and "he accepted compensation"; "that this paper he was signing was expected . . . to be a defense against any line of defense he might have hereafter." Subsequently there was a recurrence of his incapacity. He went to a hospital in Boston and later applied for compensation under the workmen's compensation act. A majority of the reviewing board made an award in his favor. The insurer appealed from the decree of the Superior Court directing payment of $359.15.

The insurer contends that the employee is bound by the release and cannot recover under the Massachusetts workmen's compensation statute.

In *Gould's Case*, 215 Mass. 480, decided in the year 1913, it was held that the Massachusetts workmen's compensation statute had no application when a resident of this Commonwealth who made a contract of employment here was injured outside the State. St. 1927, c. 309, § 2, amended G. L. c. 152, § 24, so as to read: " An employee of an insured person shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury therein occurring, to recover damages for personal .injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right. . . . An employee who has given notice to his employer that he claimed his right of action as aforesaid may waive such claim by a written notice, which shall take effect five days after it is delivered to the employer or his agent." Section 3 of St. 1927, c. 309, which amends G. L. c. 152, § 26, is in these words: " If an employee who has not given notice of his claim of common law rights of action, under section twenty-four, or who has given such notice and has waived the same, receives a personal injury arising out of and in the course of his employment . . . whether within or without the commonwealth, he shall be paid compensation by the insurer, as hereinafter provided, if his employer is an insured person at the time of the injury; provided, that as to an injury occurring without the commonwealth he has not given notice of his claim of rights of action under the laws of the jurisdiction wherein such injury occurs or has given such notice and has waived it."

It is settled law that an employee who makes a contract of employment in this State with a Massachusetts employer to do work outside the Commonwealth, and while so occupied is injured, can recover under the workmen's compensation act. *Pederzoli's Case,* 269 Mass. 550. G. L. c. 152, §§ 24, 26, as amended by .St. 1927, c. 309, §§ 2, 3. See *Quong Ham Wah Co.* v. *Industrial Accident Commission of California,* 184 Cal. 26; *S. C.* 255 U. S. 445.

In the case at bar the contract of employment was

made in this Commonwealth between a resident of this State and an employer doing business here. The employee did not "at the time of his contract of hire" give written notice that he claimed his common law rights or his rights "under the law of any other jurisdiction."

The important question is this: Did the receipt of money in New Hampshire from the insurer and the giving of the release bar the employee from proceeding under the Massachusetts workmen's compensation act?

As we construe St. 1927, c. 309, § 3, an employee working under a contract such as is here shown, who is injured outside the State, retains his rights under the workmen's compensation act, unless he has given notice under the statute that he claims his right under the jurisdiction wherein the injury happens, and he does not forfeit this right to proceed here to recover compensation because he received money from the insurer and gave it a release of "all claims and demands actions and causes of action . . . and compensation on account of" the accident. There is nothing in the statute which prevents the employee from recovering compensation here, although he accepted the money and gave the release. The money received should be deducted from the amount he is permitted to recover, but he retains the protection of the Massachusetts act, although he has given the release. See *Rounsaville* v. *Central Railroad*, 87 N. J. L. 371; *Anderson* v. *Jarrett Chambers Co. Inc.* 210 App. Div. (N. Y.) 543.

The statute intended that if rights under the act were to be waived, the waiver must be in accordance with the statute, that is, by written notice at the time of contract. Evidently the purpose of the statute was to protect the injured employee and to safeguard him from any attempt to deprive him of the benefits of the act, unless this was fully understood and was done in the manner provided. It was specifically enacted that the notice "shall be given in such manner as the department may approve," G. L. c. 152, § 24, as amended by St. 1927, c. 309, § 2; and that "No agreement by any employee to waive his rights to compensation shall be valid." G. L. c. 152, § 46, as

amended by St. 1927, c. 309, § 9. Furthermore, a lump sum settlement for an injury, in an amount " to be fixed by the department," can be effected " Whenever the department deems it to be for the best interests of the employee or his dependents." G. L. c. 152, § 48, as amended by St. 1927, c. 309, § 10. Under the statute the employee is protected to the same extent in New Hampshire as here, and the sections referred to apply equally to an injury outside as well as within the Commonwealth.

By this interpretation of the statute complications may arise because of the conflict of laws. Some of these difficulties have been suggested by the insurer, but they have no application to the facts in this case. In our opinion the Massachusetts contract should be enforced in accordance with the terms of the Massachusetts statute. We do not think it necessary to consider whether, in any event, the employee came within the class of employees, entitled to compensation under the New Hampshire compensation act. The board found that he gave no notice of " his claim of rights of action under the laws of New Hampshire," and from the nature of the injury it is difficult to understand how he could have any right of action at common law.

The compensation act of the place of hiring, therefore, is applicable. This construction of the statute does not render it in conflict with the full faith and credit clause of the Federal Constitution. The matter never came before the courts of New Hampshire. " . . . no principle of law is defeated by attaching to such contracts [under the workmen's compensation act] the same duties and rights as incidents to acts abroad that are lawfully imposed as incidents to the same acts occurring within the geographical limits of the state." *Quong Ham Wah Co.* v. *Industrial Accident Commission of California,* 184 Cal. 26, 36.

The insurer contends that, in § 26 of G. L. c. 152 as amended by St. 1927, c. 309, § 3, it is not stated when the notice of claim of rights of action in the jurisdiction where the injury occurs shall be given or that it shall be a written notice. It also contends that by signing the release and

receiving the money the employee gave notice of the claim of the right of action under the laws of New Hampshire. Section 26 does not in so many words say that the notice is to be in writing, nor does it specify when it shall be given; but in so far as rights under our workmen's compensation act are concerned, it refers to § 24, and we must read both sections together, having in mind the purpose and scope of the act. Under § 24 the notice is to be in writing and is to be given at the time of the contract of hire. There is nothing in the statute to support the construction that the giving of the release and accepting the money amounts to the giving of notice of a claim under the laws of New Hampshire. To adopt such an interpretation of the statute would take away the protection intended by it. Whatever may be the rights of parties to make new contracts, see *Gould's Case,* 215 Mass. 480, 485, 486, the provision of the statute, that no agreement of an employee to waive rights of compensation is valid, G. L. c. 152, § 46, as amended by St. 1927, c. 309, § 9, is applicable here, and protects the employee's rights under the statute.

The employee cannot have double compensation and the money received in New Hampshire must be accounted for. The decree is to be modified by adding that execution shall issue for the sum awarded after deducting therefrom the amount received in New Hampshire. *Landry* v. *Gomes,* 273 Mass. 225. As so modified, the decree is affirmed.

*So ordered.*