### WILLIAM H. CANNING'S CASE.

Suffolk.    May 10, 1933. — May 29, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Workmen's Compensation Act,* To whom act applies; Procedure: appeal.

Where, upon certification to the Superior Court of a decision by the Industrial Accident Board dismissing a claim in proceedings under the workmen's compensation act, the insurer did not appeal from an interlocutory decree recommitting the case to the board, and the

board thereafter certified a decision in favor of the claimant in accordance with which a final decree was entered in the Superior Court, the question of the propriety of the interlocutory decree was not open to the insurer upon appeal by it from the final decree: the interlocutory decree related to procedural matters and not to the sufficiency of the pleadings or the merits, and it could not be said that the final decree was affected by any error in the interlocutory decree.

Evidence, in proceedings under the workmen's compensation act, that the claimant was hired by the subscriber to install steam pipes in a room in the subscriber's factory, the room being "too cold to work in without heat" and it being "absolutely necessary to have these pipes installed in order to run the plant"; that the claimant worked a certain number of hours per day and was paid a certain sum per hour for such work; that he was subject to the directions of the subscriber's superintendent as to how the work should be done, although the claimant had technical knowledge which the superintendent did not have; and that the claimant was injured while performing such work, warranted findings that the claimant was an employee of the subscriber and that his work was a necessary part of the business of the subscriber; and justified an award of compensation.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

Material evidence at the hearing before a single member of the board is stated in the opinion. The single member found that the claimant was an employee of the subscriber and not an independent contractor and that the work on which he was engaged when injured was a necessary part of the business of the subscriber. The board in review made findings of a contrary nature and dismissed the claim.

Upon certification to the Superior Court, the claimant filed a motion to recommit the case to the board, which was in part as follows: "This decision [of the board in review] did not make it clear whether . . . [the decision] was reached as matter of law or whether the majority ruling was one of fact. This decision was filed . . . at a time when there was a difference of opinion among the board members as to whether a claimant working under the circumstances described could be an employee and whether the work performed was part of the trade, business, profession or occupation of the employer. Since then, however, the Supreme Judicial Court has definitely decided in

*Shannon's Case* [274 Mass. 92] that a claimant such as William Canning is entitled to compensation. The facts in the *Shannon* case are, it is submitted, on all fours with the *Canning* case at bar. Wherefore the claimant prays that the case be recommitted to the board so that the reviewing board may definitely state whether the ruling made was one of fact or of law, and the record may therefore be made clear before this Superior Court passes upon the question of decree."

The motion was allowed by *Dillon*, J., by whose order an interlocutory decree was entered that the "case be recommitted to the Industrial Accident Board for the hearing of all pertinent evidence, and especially that specific findings of facts, and specific rulings of law, be made, so that this court may be enabled, if the case again reaches it, to enter the proper decree on the facts found and the law applied thereto." The insurer did not appeal from this decree. A second hearing by the board was had upon the same evidence. The board allowed the claimant's requests for findings and rulings that "the work performed by the claimant was a necessary part of the trade, business or profession of the subscriber" and that "the claimant was an employee and not an independent contractor"; and awarded compensation. In the Superior Court, a decree in accordance with the board's decision was entered by order of *Whiting*, J. The insurer appealed.

The case was submitted on briefs.

*T. H. Calhoun & E. J. Sullivan*, for the insurer.

*J. Bear & R. M. Gardiner, for the claimant.*

LUMMUS, J. The claimant was hired by one Garrett to put up steam pipes in a room in his factory, in which were made burlap patterns for hooked rugs and also rug hooking machines. There was testimony that "The room was too cold to work in without heat" and that "It was absolutely necessary to have these pipes installed in order to run the plant." The claimant was to work eight hours a day and to receive ninety cents an hour. The superintendent of the factory testified that he gave the claimant his orders, and that if any dispute had arisen as to how the work should

be done, the directions of the superintendent would have governed, although the claimant had technical knowledge which the superintendent lacked. While pushing pipes into place the claimant injured his shoulder.

At first the reviewing board of the Industrial Accident Board, reversing the decision of the single member, decided that the claimant was not an employee but an independent contractor; that the employment in which he was engaged was not in the usual course of the business of Garrett, the subscriber; and that the claimant was not entitled to compensation. G. L. (Ter. Ed.) c. 152, § 1 (4). One of the members of the reviewing board did not join in the decision. After the decision of the reviewing board, an opinion of this court indicated that the claimant might be held to have been engaged in the usual course of Garrett's business when he was hurt. *Shannon's Case*, 274 Mass. 92. We need not consider whether these circumstances of disagreement among the members of the board as to the status of the claimant as an employee, and of uncertainty at least as to whether the decision of the other question was consistent with *Shannon's Case*, 274 Mass. 92, justified the Superior Court in recommitting the case to the Industrial Accident Board for further hearing (see *Devine's Case*, 236 Mass. 588, 595; *Sciola's Case*, 236 Mass. 407; *Johnson's Case*, 242 Mass. 489, 495; *Lopes's Case*, 277 Mass. 581, 585–588, and cases cited), for even if there was error in the interlocutory decree of recommittal, the error related to procedural matter and not to either the merits or the sufficiency of the pleadings, and consequently is not open on appeal from the final decree on the theory that the final decree was "erroneously affected thereby," there having been no appeal from the interlocutory decree. G. L. (Ter. Ed.) c. 214, § 27. *Ledoux* v. *Lariviere*, 261 Mass. 242. *Phelps* v. *Lowell Institution for Savings*, 214 Mass. 560. *Butterfield* v. *Third Avenue Savings Bank*, 10 C. E. Green, 533. *Decker* v. *Ruckman*, 1 Stew. 614. Compare *Nochemson* v. *Aronson*, 279 Mass. 278, 280, *Harrell* v. *Sonnabend*, 191 Mass. 310, and *Cawley* v. *Jean*, 189 Mass. 220, where the error did affect and enter into the final decree.

On a rehearing, the Industrial Accident Board found that the claimant was an employee. That finding was warranted. *McDermott's Case, ante,* 74. The board found also that the claimant was not within the exception excluding from the benefit of the act a workman "whose employment is not in the usual course of the trade, business, profession or occupation of his employer." G. L. (Ter. Ed.) c. 152, § 1 (4). That finding was warranted, if not required, by *Shannon's Case,* 274 Mass. 92. The decree of the Superior Court, awarding compensation, followed these findings, and must be

*Affirmed.*