GEORGE H. WRIGHT's (dependent's) CASE.

Suffolk.   May 22, 1935. — June 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Extraterritorial coverage.

The evidence warranted a finding that an employer insured under the Massachusetts workmen's compensation act conducted, as one enterprise, an ice business in Massachusetts and a lumbering business in Vermont; and where his employee, hired here, was injured in the course of his employment in Vermont, compensation was payable under that act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

By order of *Fosdick*, J., a final decree was entered in

accordance with the decision of the board. The insurer appealed.

B. Brooks & G. Gleason, for the insurer, submitted a brief.

H. G. Bowen, (E. H. Nichols with him,) for the claimant.

QUA, J. The decedent George H. Wright was killed in the State of Vermont by the overturning of a tractor which he was driving in the course of his employment in connection with some logging operations there carried on by the Harris Ice Company, Inc., a Massachusetts corporation which was engaged in the ice business in Leominster in this Commonwealth.

The Harris Ice Company, Inc., was insured under the Massachusetts workmen's compensation act, G. L. (Ter. Ed.) c. 152. The policy contained a number of possibly contradictory indorsements referring to the compensation acts both of Massachusetts and of Vermont, but it is unnecessary to discuss these in detail, as it is not disputed that the company was a subscriber as to its business in Massachusetts and that its contract of employment with Wright was made here. It follows that the employee's dependents have as against the insurer all the rights which the Massachusetts act gives them, whatever limitations are written in the policy (*Cox's Case*, 225 Mass. 220; *Shannon's Case*, 274 Mass. 92), including extraterritorial rights (*Pederzoli's Case*, 269 Mass. 550; *McLaughlin's Case*, 274 Mass. 217; *Migues's Case*, 281 Mass. 373; G. L. [Ter. Ed.] c. 152, § 26), unless the business carried on by the ice company in Vermont was a separate and distinct business from that which was insured in Massachusetts. *Pallotta's Case*, 251 Mass. 153. *Anderson's Case*, 276 Mass. 51. See *Pederzoli's Case*, 269 Mass. 550, 553.

The Industrial Accident Board has adopted the finding of the single member that the work which the employee did in Vermont was "incidental to his principal work . . . in Massachusetts." Under the circumstances of this case, this finding means that the employer's business in Vermont was not a separate and distinct business from that insured in Massachusetts. The question is whether the evidence will support the finding.

There was evidence tending to show the following: In

addition to manufacturing and dealing in ice in Leominster, the Harris Ice Company, Inc., in the winter time carries on lumbering operations, sometimes in and sometimes out of Massachusetts. For "the previous two years" they were in Vermont. The company buys lumber lots and cuts and processes the lumber to the point where it is sold as a finished product. It also deals in cord wood cut in Massachusetts. Lumbering is carried on from about November 1 until about April 1 in each year in the season when the ice business is dull and it is difficult to find work for the men. Those of the men who wish to go are given the opportunity. They are transferred from the ice payroll to another payroll. Those who go know the work and "do the same job each year." Some of the men do not go. Additional men are employed at the scene of operations. The assistant manager of the ice business generally takes charge of the lumbering in the winter. The deceased had been employed by the ice company about twelve years. He was a delivery man on an ice truck in the summer and went out on lumbering every winter. When he worked in Vermont sometimes he was paid there and sometimes in Massachusetts. The "Declarations" of the policy in force at the time of the accident, in referring to the location of the business, after mentioning the ice houses, stables and plant in Leominster, add "and elsewhere in Mass. & State of Vermont." In a schedule attached to the policy relating to payroll and rates, the various operations relating to ice are listed under the head of "Massachusetts," and "Logging and Lumbering" is listed under the head of "Vermont."

We think the evidence will support the finding. The ice business is largely seasonal. It may be of decided advantage to one engaged in it to keep his working crew together by furnishing to those who need it in the winter months work of a kind which they are probably well suited to perform. Operations in ice and in lumber would complement each other and together would constitute a single year around business, carried on by the same corporation under one management and control and largely with the same

employees. It was a permanent and not a temporary arrangement. Such a business could be aptly described as that of dealing in ice and lumber. This case is within the authority of *Phalen's Case*, 271 Mass. 371, and *Anderson's Case*, 276 Mass. 51, rather than of *Pallotta's Case*, 251 Mass. 153.

As the claimant has not appealed, she is not entitled to raise the question whether compensation should have been allowed on account of the posthumous child of the deceased for the period after the death of Wright and before the birth of the child.

*Decree affirmed.*