## PRENDERGAST v INDUST COMM

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17262. Decided June 26, 1939

Paul P. Sogg, Esq., Cleveland, for plaintiff-appellee.

Thos. J. Herbert, Atty. Gen., Columbus, and William Durkin, Asst., Cleveland, for defendant-appellant.

### OPINION

By MORGAN, J.

This case is an appeal on questions of law from a finding rendered in the Common Pleas Court of Cuyahoga County that the plaintiff is entitled to participate in the benefits of the Workmen's Compensation Fund.

In 1925, the decedent, Charles J. Prendergast, graduated from Case School of Applied Science. On May 1, 1925, The Bailey Meter Company of Cleveland, Ohio, advised him he could have employment with the company after his graduation in June. He began work for the company on July 5, 1925, in Cleveland, and continued to work in Cleveland until May 18, 1926. He was then transferred to the Boston, Massachusetts office by the company where he continued to do the same type of work as he had been doing in Cleveland and remained in Boston until June, 1930, at which time he was transferred to the St. Louis office. The company handled its sales and service business in the states of Missouri, Southern Indiana and Southern Illinois from the St. Louis office.

On November 20, 1931, while at the office of the President of the City Council of Paoli, Indiana, on business relating to the sale of Bailey meters, to the City Water Department of Paoli, Mr. Prendergast suffered injuries when the frame building, in which the offices were located, collapsed and he died the next day as a result of his injuries.

Mr. Prendergast's duties consisted of a combination of sales and service work; sales of the company's products in power plants and service work to install and supervise the installation of equipment in the territory.

The only contract of employment was made with Mr. Prendergast in Cleveland. Employees were transferred from the main office to branch offices and from branch offices to the main office as the business of the company required. For instance, a Mr. Fitch who was located at St. Louis before Mr. Prendergast, was returned to Cleveland when Mr. Prendergast was sent to St. Louis. All the men in the field came back to Cleveland periodically for sales conferences at the expense of the company; the last conference attended by Mr. Prendergast was in 1930. Mr. Prendergast's name was not included in the payroll reported by the company to the Industrial Commission of Ohio.

An application was made to the Workmen's Compensation Commission of Missouri in the case but was denied inasmuch as the contract of employment was not made in the State of Missouri.

The principal question to be decided in this case is whether or not the find-

ing of the Common Pleas Court is contrary to the decision of the Supreme Court of this state in **Industrial Commission v Gardinio, 119 Oh St 539.** In that case, Gardinio, a resident of Cleveland, entered into a contract with an Ohio corporation having its office in Cleveland to do certain work at Donora, Pa., in connection with the construction of a bridge. He received an injury in this employment and then applied for and received compensation for his injury under the law of Pennsylvania. The Supreme Court held that Gardinio was not entitled to any compensation from the Ohio Workmen's Compensation Fund.

The Court, in its opinion, states that the general question whether the Workmen's Compensation Act of Ohio, "operates extra-territorially, must be answered in the affirmative."

Sec. 1465-72, GC, provides that compensation should be paid to employees of Ohio employers "who have been injured in the course of their employment, wheresoever such injuries have occurred * * *, or to their dependents in case death has ensued."

Sec. 1465-90, GC, specifically provides for the manner of appeal in cases where the injury occurred outside the State of Ohio.

With reference to this language, the Court in the Gardinio case states:

"This language is clear, and it must be held that in general the benefits of said act must be extended to the employees of employers who come within the provisions of the law regardless of where the injury occurred, if within the course of employment."

The court denied compensation to Gardinio on the ground that the case was analogous to one where

"an Ohio employer contracted for services of employees to be rendered in the operation of branch factories or subordinate plants in other states, and countries, which employees may or may not be residents of Ohio."

The court also said:

"The situation is no different where an employer resident of Ohio does conduct some business or industry in this state but owns and operates a different business in another state, and contracts for the services of certain employees to be rendered only in the industry in such other state who are in no sense a part of the Ohio force or connected with the Ohio business or industry."

It is clear that the Supreme Court considered that Gardinio was in "no sense a part of the Ohio force or connected with the Ohio business or industry."

There is nothing in the case to indicate that the Ohio company was doing any work of any kind in Ohio except maintaining an office in the State. The construction of the bridge in Pennsylvania was not connected "with the Ohio business or industry" in any way and Gardinio was employed solely for the purpose of working on the bridge under construction in Pennsylvania.

The Gardinio case can be distinguished from the present case on the ground that by the contract of employment made in Ohio, Prendergast was employed to work in Ohio and continued in the employment in Ohio for nearly one year. It is our opinion, however, that there existed a more cogent reason for distinguishing the two cases.

The St. Louis office of the Bailey Meter Co., was only an arm of the company to sell and to service the product manufactured by it in Ohio in the states of Missouri, Southern Illinois and Southern Indiana. Prendergast might have worked this territory from the main office of the company in Cleveland. It could hardly be denied that if Prendergast had been located in Cleveland and while in Southern Indiana on company business had received injuries which caused his death, the case would have come under the Workmen's Compensation Law of Ohio under the decision in **Hall v Industrial Commission of Ohio, 131 Oh St 416.**

The fact that for convenience the Southern Indiana territory was worked and serviced from St. Louis and not from Cleveland and that accordingly Prendergast was a resident of St. Louis and went to Paoli from St. Louis and not from Cleveland, did not affect the nature of his employment and cannot control the decision in this case.

As was said in the Gardinio case:

"It is very clear that the place of residence of the employer and the employee is not determinative of the question presented."

The important test as stated in the case of Alphonse Pederzoli. 269 Mass. 550, involving a claim on the Workmen's Compensation Fund of Massachusetts by an employee injured outside the state, is whether the "employee is engaged in work which is incidental to and in furtherance of an undertaking carried on or begun by the employer in Massachusetts."

Prendergast was engaged at all times in furtherance of the business of the company carried on in Cleveland, namely, in the sale and servicing in his territory of the products manufactured in Cleveland. This is a wholly different case from the one presented in the Gardinio case where the claimant was "in no sense a part of the Ohio force or connected with the Ohio business or industry".

As stated by the Court in the Gardinio case, cases outside of Ohio are not of much assistance in Ohio, "because of the varying provisions of the several compensation acts involved". Nevertheless, in view of the fact that in the Ohio Workmen's Compensation Act there is nothing to limit the extraterritorial operation of the Act, it is interesting to note that since the decision in the Gardinio case there is a distinct liberal trend in decisions outside of Ohio in the direction of awarding compensation where the injury occurred and the injured person was located outside the State where the claim was made and the contract of employment was entered into. Among these cases are the following:

Johnston v Industrial Commission et al 352 Ill. 74.

Beall Bros. Supply Co. v Industrial Commission, 341 Ill. 193.

Selzer et al v Lumber Co., 146 Southern Reporter 690 (La.).

Brameld v Albert Dickinson Co., 186 Minn. 89.

Disiderio Sons Inc. v Blunt, 167 Atl. 29 (N. J.)

Alphonse Paderzoli's case, 269 Mass. 550.

McLaughlin's case, 274 Mass. 217.

Alaska Packer's Association v Industrial Accident Commission, 294 U. S. 532.

The Supreme Court, in Hall v Industrial Commission of Ohio, supra, refers with approval to the case of Alaska Packer's Association v Industrial Commission, 200 Cal. 579. That case, since the decision by our Court in the Hall case, was appealed to the Supreme Court of the United States and the case is reported in 294 U. S. 532. The case arose under the Workmen's Company Act of the State of California. The facts were: One Palma, a resident of Mexico, executed at San Francisco a written contract of employment to work for the appellant in Alaska during the salmon canning season. The contract recited that the appellant had elected to be bound by the Alaska Workmen's Compensation Law and stipulated that the parties should be subject to and bound by the provisions of that State.

After his return from Alaska to California, the employee applied for and later received an award by the California Commission in compensation for injuries received by him in the course of his employment in Alaska, notwithstanding his contract to be bound by the Workmen's Compensation Law of Alaska. The Supreme Court of the United States sustained the action of the Supreme Court of California in refusing to set aside the award of the State Commission in favor of the employee.

See also: Bradford Elec. Light Co. v Clapper, 266 U. S. 145.

In the Gardinio case, at page 544, the court quotes at length from the case of Watts v Lang, 116 Neb. 656. A case much nearer in point was decided by the Supreme Court of Nebraska. in Stone, appellee, v. Thomson Company, appellant, 124 Neb. 181, decided in 1933, in which the case of Watts v Lang was cited and distinguished.

' The facts in the later Nebraska case were that the plaintiff, a resident of Omaha, had been employed by the defendant company as a dump foreman in its operations near Beagle, Kansas and was there injured in the course of his employment. The defendant company had its headquarters in Omaha, Nebraska. The court said on page 184:

"The record discloses that the Thomson Company is engaged in the general contracting business and carries on. its business in Kansas, Iowa, Nebraska, Oklahoma, and other adjoining states, and that at various times employees were taken from Nebraska to the places where work was to be performed. Clearly, the above cited Watts and Freeman cases are not controlling here. And, in an action to recover for personal injuries under the provisions of the Nebraska Workmen's Compensation Law, where the plaintiff was a resident of Nebraska, and the employer maintained its principal headquarters in Nebraska, but sent its employees to various adjoining states in the performance of certain contracts and . employed the plaintiff to work at a point in Kansas where he was injured, the contract of employment having been made in Nebraska, we conclude that the industry in Kansas was merely incident to that carried on in Nebraska and that such action for compensation is maintainable here."

The facts in the above Nebraska case are similar to the facts in the present case with the exception that in the Nebraska case the plaintiff was a resident of the state of Nebraska. This is not controlling, however, because as stated by our Supreme Court in the Gardinio case:

"It is clear that the place of residence of the employer and the employee is not determinative of the question presented."

The Restatement of the Law of Conflict of Laws provides, Sec. 400:

"No recovery can be had under the Workmen's Compensation Act of a state if neither the harm occurred nor the contract of employment was made in the state."

The above provision is in accord with the decision of the Industrial Commission of Missouri denying to Prendergast's widow any relief under the Workmen's Compensation Laws of the state' of Missouri.

Sec. 398 of the Restatement, provides:

"A workman who enters into a contract of employment in a state in which a Workmen's Compensation Act is in force, can recover compensation under the Act in that state for bodily harm arising out of and in the course of the employment, althought the harm was suffered in another state, unless the Act provides in specific words or is so interpreted as to apply only to bodily harm occurring within the state."

The above provision has the authority of the American Law Institute and clearly sustains the finding that the plaintiff is entitled to an award from the Workmen's Compensation Fund in this state.

If the plaintiff is denied the right to an award in this case, she would be without remedy anywhere. While this fact is not decisive of the case, it would be a result which the law should seek to avoid and it is a consideration which the Supreme Court of the United States in 294 U. S. 532, supra, considered to be of importance.

The judgment is therefore affirmed. Exceptions.

LIEGHLEY, J., concurs.

TERRELL, PJ. Dissents on authority of Industrial Commission v Gardinio, 119 Oh St 539, the principle therein announced being approved in toto in Hall v Industrial Commission, 131 Oh St 420.