EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF
WISCONSIN *vs.* MERRIMAC MILLS COMPANY.

Suffolk. February 10, 1950. — April 27, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Insurance*, Coverage, Premium,. Workmen's compensation insurance.
*Workmen's Compensation Act*, To whom act applies, Insurance. *Practice, Civil*, Exceptions: what questions open; Findings by judge.

The propriety of a general finding for the defendant at the hearing by a
judge without a jury of an action by an insurer against one insured
under a policy of workmen's compensation insurance for a balance of
premiums alleged to be due thereunder was presented to this court
by an exception to such general finding where it appeared that that
finding was based on subsidiary findings as to the nature of work
done by a certain group of employees whose remuneration had not
been included in the computation of the premiums which had been
paid, and upon a construction of the policy that such group were not
within its coverage.

The extent to which employees were included in the coverage of a policy
of workmen's compensation insurance was not to be found only in a
schedule of operations stated in "Declarations" attached to the policy,
which did not include construction work done by the employer; other
clauses in the policy and the provisions of the workmen's compensation
act must be considered.

Provisions of a standard workmen's compensation insurance policy
plainly showed that the coverage was intended to be coextensive with
the provisions of the workmen's compensation act, under which, with
respect to employees engaged in the same business or in operations
necessary or incidental thereto or connected therewith, an employer
is not permitted to insure some of such employees and to leave others
uninsured.

In an action by the insurer under a standard policy of workmen's compensation insurance against the proprietor of a woolen mill, the
insured, it was held that the work of a group of employees of the insured who were engaged in an extensive construction project at the
mill, "part replacement and part extension," was incidental and appurtenant to the mill business, that such employees were within the
coverage of the policy although not specifically included therein by
its "Declarations," and that the insurer was entitled to recover
premiums based on their remuneration.

CONTRACT. Writ in the Superior Court dated August 29, 1947.

The action was heard by *Brogna, J.,* without a jury.

*E. Martin,* for the plaintiff.

No argument nor brief for the defendant.

SPALDING, J. The plaintiff, an insurance company, issued two workmen's compensation policies[1] to the defendant. One of the policies was for the period beginning on May 31, 1944, and ending on May 31, 1945, and the other ran from the latter date to May 31, 1946. This action of contract, in two counts, is brought to recover balances of premiums alleged to have been earned by the plaintiff. That certain employees of the defendant were covered by the policies and that the premiums for this coverage have been paid is not disputed. The present controversy arises with respect to a group of employees which the plaintiff contends was covered by the policies in question, and which the defendant contends was not covered.

The defendant operates a woolen mill in Methuen. During the period for which the above mentioned policies were issued it undertook an extensive construction project which consisted in building a new plant for carrying on its mill operations. It was to be a "new brick and glass block mill, part of which was to surround the old mill and part of it was a new construction of itself." It was "part replacement and part extension." One Naylor, who was employed by the defendant as superintendent of construction and maintenance in the mill, was put in charge of this work, the cost of which was to be about $100,000. The judge found, as he could have on the evidence, that the "construction work was done by the defendant and not by an independent contractor," and that "the workmen engaged in the construction were employees of the defendant." Finding that the "only binder attached to each policy with the consent of the assured and accepted by it is the one entitled 'Standard Workmen's Compensation and Employers' Liability Insur-

[1] Each of these policies was entitled "Standard Workmen's Compensation and Employers' Liability Insurance Policy." — REPORTER.

ance Declarations'"[1] and that "the construction workers were not engaged in the business operations described in said 'Declarations' or in operations necessary, incident and appurtenant thereto, or connected therewith," he concluded that these employees were not covered by the policies, and found for the defendant.

The plaintiff excepted to this finding and to the judge's denial of numerous requests for rulings. Since the question of law which the plaintiff seeks to present is adequately raised by the exception to the finding, it will not be necessary to deal with the requests.[2] This exception must be sustained. From the evidence, which included the policies in question, and the subsidiary findings of the judge, a finding for the defendant was not warranted. The extent of the coverage of the policies is not to be found only in the declarations attached to the policies. Other clauses in the policies and the provisions of the workmen's compensation act must be considered.

Pertinent provisions of the policies are as follows: The plaintiff agreed "One (a) To pay promptly to any person entitled thereto, under the workmen's compensation law and in the manner therein provided, the . . . amount . . . due, (1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this policy, each of which statutes is herein re-

---

[1] The schedule of operations contained in these "Declarations" included employees engaged in wool spinning and weaving, clerical and office work, and chauffeurs and their helpers, including those employed in garage work; employees engaged in construction work were not included.

[2] We recognize that ordinarily an exception to a general finding brings no question of law to this court, and that in order to raise a question of law there must be an exception to a specific ruling of law, or to the denial of a request for a specific ruling of law or of a motion. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555, 557. *Leshefsky* v. *American Employers' Ins. Co.* 293 Mass. 164, 166–167. "Where, however, all material subsidiary facts have been found or are agreed, though inferences of fact may be drawn therefrom, the separation of the questions of fact and of law involved in a general finding based thereon has been largely made and a motion or a request for a specific ruling of law would serve little purpose. In such a case an exception to a general finding brings before us the question of law whether it was permissible on the subsidiary facts established." *Leshefsky* v. *American Employers' Ins. Co., supra*, at 167. The present case falls within the exception just stated.

ferred to as the workmen's compensation law, and . . . It is agreed that all of the provisions of each workmen's compensation law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this policy, while this policy shall remain in force. . . . One (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. . . ." The policies also contained a provision that "This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which, for the purpose of this insurance, shall include *all operations necessary, incident or appurtenant thereto, or connected therewith* . . ." (emphasis supplied). It is plain that under the foregoing provisions the coverage was intended to be coextensive with the requirements of G. L. (Ter. Ed.) c. 152. Indeed, it is not open to an employer to provide less. *Cox's Case,* 225 Mass. 220, 225. *Wright's Case,* 291 Mass. 334, 335.

Under G. L. (Ter. Ed.) c. 152, § 1 (4), as appearing in St. 1943, c. 529, § 3, and § 25A, as inserted by St. 1943, c. 529, § 7, an employer, with exceptions not here material, is required to insure his employees for compensation provided for by c. 152 either through an insurer or by becoming a self insurer. See *Friend Brothers, Inc.* v. *Seaboard Surety Co.* 316 Mass. 639, 642. For failure to do so criminal sanctions are imposed by § 25C. An employee is defined under § 1 (4) as "every person in the service of another under any contract of hire, express or implied, oral or written, excepting . . . one whose employment is not in the usual course of the trade, business, profession or occupation of his employer." These provisions make it clear that the Legislature intended to provide employees to the fullest extent with the protection afforded by the compensation act.

We have no doubt that had any of the workmen engaged in the construction project received injuries arising out of and in the course of their employment the plaintiff would have been held to have insured them and would have been liable for the compensation awarded them. The judge, as stated above, found that they were employees of the defendant. It is reasonable to infer that if the policies in question did not cover these employees they would not have been protected by any compensation insurance, for it does not appear that the defendant was either a self insurer or had insured them elsewhere, and no contention has been made to the contrary. With respect to employees engaged in the same business, or in operations necessary or incidental thereto or connected therewith, an employer is not permitted to insure some and to leave others uninsured.

In *Cox's Case*, 225 Mass. 220, it was said, "The workmen's compensation act does not permit an employer to become a subscriber as to one part of its business and to remain a non-subscriber as to the rest of a business which is in substance and effect conducted as one business" (page 223). The court went on to observe that the purposes of the act "would be frustrated to a certain extent if employers might be insured under the act as to a part of their employees and remain outside the act as to others. . . . If an employer becomes a subscriber he becomes a subscriber for all purposes as to all branches of one business with respect to all those in his service under any contract of hire. . . . The workmen's compensation act fixes the scope of the insurance so far as the rights of the employee are affected" (pages 224–225). If that was true when the act was not compulsory it is true a fortiori when, as now, it is compulsory.

We are aware that the court in *Cox's Case* was careful to point out that "two wholly different and distinct kinds of business quite disconnected with each other in place, nature and management" were not included within the scope of the decision (page 223). See *Pallotta's Case*, 251 Mass. 153; *Anderson's Case*, 276 Mass. 51, 52. The construction work

here, we think, although it did not involve the manufacture of textiles, was nevertheless incidental and appurtenant to the business of operating the defendant's textile mill, and does not come within the exception contained in c. 152, § 1 (4), namely, "employment . . . not in the usual course of the trade, business, profession or occupation of . . . [the] employer."[1] In other words, this work did not arise out of a separate and distinct business of the defendant. Cases tending to support this conclusion are *Shannon's Case,* 274 Mass. 92 (employee engaged in constructing a humidifying process in a factory devoted to manufacture of cotton goods), and *Canning's Case,* 283 Mass. 196 (employee engaged in installing steam pipes in a factory in which burlap patterns for hooked rugs were manufactured). See also *Phalen's Case,* 271 Mass. 371. It is true that in those cases there had been findings by the Industrial Accident Board to the effect that the work done by the employee was a necessary part of the employer's business, so that the only questions actually decided were whether those findings were warranted. But here the facts which were before the judge with respect to the construction project were not in dispute and we are in as good a position to determine the legal consequences flowing from them, in so far as they relate to coverage, as the trial judge was. It follows that the employees engaged in the construction work were covered by the policies in question, and that the plaintiff was entitled to recover the premiums for such coverage. The fact that they were not described or rated in the "Declarations" is not controlling, for the policies were subject to the following condition: "The premium is based upon the entire remuneration earned, during the policy period, by all employees of this employer engaged in the business operations described in said declarations together with all operations necessary, incident or appurtenant thereto, or connected therewith . . . . If any operations as above defined are undertaken by this

---

[1] Although somewhat analogous (*Dubois* v. *Soule Mill,* 323 Mass. 472, 476) the question here is not the same as that which arises out of G. L. (Ter. Ed.) c. 152, § 18.

employer but are not described or rated in said declarations, this employer agrees to pay the premium thereon, at the time of the final adjustment of the premium in accordance with condition C hereof."

*Exceptions sustained.*