## Lucien Lavoie's Case.

Suffolk.    May 9, 1956. — July 6, 1956.

Present: Qua, C.J., Ronan, Wilkins, Spalding, & Williams, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Foreign employee, Extraterritorial injury, Award of compensation in two States, Expenses of appeal, Special fund. *Res Judicata. Constitutional Law,* Full faith and credit.

The Massachusetts workmen's compensation act permits the recovery of compensation thereunder by an employee who receives an injury in Massachusetts arising out of and in the course of his employment under a contract of hire made in another State where he resides and is principally employed. [406]

A State may constitutionally provide for the payment of workmen's compensation to an employee injured within it while working under a contract of hire made in another State where he resides and is principally employed. [408]

An award of compensation under the workmen's compensation act of Rhode Island obtained by an employee for an injury received in

Massachusetts while performing work under a contract of hire made in Rhode Island, where he resided and was principally employed, was not made by that act exclusive and res judicata so as to preclude him by reason of the full faith and credit clause of the Federal Constitution from subsequently recovering compensation for the same injury under the Massachusetts workmen's compensation act, crediting against the Massachusetts award the amounts received under the Rhode Island award. [411]

Upon an appeal by an employee from a decree in a workmen's compensation case raising a substantial question of law, there was no abuse of discretion on the part of a judge of the Superior Court in denying a motion by the employee under G. L. (Ter. Ed.) c. 152, § 11, as amended by St. 1950, c. 634, § 1, that the judge certify that the appeal raised such a question in order that the expense of printing the necessary records, papers and briefs be paid from the fund established by § 65. [411–412]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Kirk, J.*

*Rhodes G. Lockwood,* for the claimant.

*Edward C. Uehlein,* for the insurer.

SPALDING, J.  On November 27, 1951, the employee was seriously injured while working for his employer on a job in Seekonk, Massachusetts.  The contract of hire was made in Rhode Island, where the employee resided, and his services were to be performed primarily in that State; any work performed elsewhere was merely incidental to the main employment in Rhode Island.  When called upon to do work in Massachusetts he would receive his instructions in Rhode Island and would return there each night.  The employer was insured in both Rhode Island and Massachusetts.  It is agreed that the employee's injuries arose out of and in the course of employment.

The employer filed a petition with the department of labor of Rhode Island (which has jurisdiction over workmen's compensation cases) in which it conceded that the employee's injuries arose out of and in the course of his employment, and stated that the employee had refused to execute an agreement for compensation in accordance with the compensation act of Rhode Island.  The petition asked

that the department hear the parties, decide whether it had jurisdiction of the controversy, and determine the amount payable to the employee. The employee admitted the facts alleged in the petition, but reserved the right to proceed under the compensation act of this Commonwealth. On April 15, 1952, the department of labor rendered a decision to the effect that it had jurisdiction, and awarded compensation to the employee. In its decision, from which the employee did not appeal, nothing was said about the employee's reservation of rights. It was conceded at the arguments before us that the employee has been receiving compensation under the Rhode Island award.

In May of 1952 the employee instituted the present proceedings before the Industrial Accident Board to obtain compensation under the laws of this Commonwealth. At a hearing before the single member there was little or no dispute as to the facts and all of those recited above were either agreed to by the parties or found by him. He ruled that inasmuch as the employee's injuries, although occurring in Massachusetts, arose out of a contract of hire made in Rhode Island, the Industrial Accident Board was without jurisdiction in the matter. The decision of the single member was affirmed by the reviewing board. In the Superior Court a decree was entered reciting (1) that the employee sustained an injury in this Commonwealth which arose out of and in the course of his employment pursuant to a contract of employment made in Rhode Island; (2) that the Industrial Accident Board was without jurisdiction to award additional compensation; (3) that full faith and credit be given to the decision of the Rhode Island department of labor of April 15, 1952, and (4) that the employee's claim be dismissed. The employee appealed.

At the outset it should be stated that the employee is not seeking double compensation. Obviously, he ought not to recover full compensation under both compensation acts. *McLaughlin's Case*, 274 Mass. 217, 222. *Migues's Case*, 281 Mass. 373, 375. *Mizrahi's Case*, 320 Mass. 733. Restatement: Conflict of Laws, § 403, 1948 Sup. At the argu-

ments before us the employee conceded that any sums received under the Rhode Island award should be credited to any award that he might receive under our act. His reason for making a claim here is that in some respects our act is more favorable to him than the Rhode Island act.

We first must decide whether an employee who receives an injury here in the course of his employment while performing work under a contract of hire made in another State can recover compensation under our act. If the answer to this question is in the negative that is an end of the matter. But if we give an affirmative answer to it we are then called upon to decide whether by reason of the full faith and credit clause of the Federal Constitution the award in Rhode Island is a bar to recovery here.

1. We are of opinion that an employee, as here, who suffers injury in this Commonwealth arising out of and in the course of his employment while performing work under a contract of hire made in another State where he was principally employed can recover under our act. Although there is an intimation to this effect in *Gould's Case*, 215 Mass. 480, it does not appear that this question has heretofore been decided by this court. In *Gould's Case*, this court, in construing our compensation act as it then stood, denied compensation under our act to a resident of the Commonwealth who was principally employed here under a Massachusetts contract of hire and who suffered injury in the course of his employment while temporarily working in another State. In 1927 the holding of *Gould's Case* was abrogated by an amendment of the statute. Section 26 of G. L. c. 152 was amended so as to provide compensation for an employee who receives a personal injury arising out of and in the course of his employment "whether within or without the commonwealth." St. 1927, c. 309, § 3. Since that amendment it has uniformly been held that an employee working under a Massachusetts contract of hire may receive compensation here for injury sustained while temporarily employed in another State. *Pederzoli's Case*, 269 Mass. 550. *McLaughlin's Case*, 274 Mass. 217. *Migues's Case*, 281

Mass. 373. *Wright's Case*, 291 Mass. 334. *Bauer's Case*, 314 Mass. 4. But the insurer argues that these cases are authority for the proposition that there can be recovery under our act if, but only if, the contract of hire was in Massachusetts. We do not agree.

As the cases just cited show, the fact that the contract of hire was made here affords a basis for recovery here with respect to an out-of-State injury. But they do not hold that there can be no recovery here with respect to an injury occurring here in the performance of a contract of employment made elsewhere. In construing our act as it stood prior to the 1927 amendment Chief Justice Rugg said that it "disclose[d] no purpose to exempt from its operation nonresident employees of alien employers who while working within this Commonwealth may receive personal injuries arising out of and in the course of employment." *Gould's Case*, 215 Mass. 480, 485. Although that statement was made by way of dictum we think it is a correct interpretation of our act as it then stood. No change in this respect was effected by the 1927 amendment. The intent of the Legislature in enacting that amendment was to enlarge, not restrict, the scope of the act. What was permissible before the amendment could be done thereafter. Moreover, to deny a remedy to an employee in a case like the present would often have undesirable consequences. It might frequently be more difficult for him to prove his case in the State where the contract was made than in the State of injury, where he would have the benefit of witnesses who could establish the fact of injury. And there is always the possibility that an employee injured here, if remediless, might become a public charge. We find nothing in the act itself or in the decisions construing it that calls for the interpretation for which the insurer contends. We might add that under the prevailing view elsewhere compensation acts have been construed to permit recovery in the State of injury though the contract of hire was made in another State. See Goodrich, Conflict of Laws, 286.

Our belief in the correctness of the foregoing conclusion is

reënforced by a carefully considered and well reasoned opinion of the Court of Appeals for the First Circuit which interpreted our act as covering an employee who was injured here, although the contract of hire was made elsewhere. *Bagnel* v. *Springfield Sand & Tile Co.* 144 Fed. (2d) 65.

No constitutional difficulty arises from this construction. A State may give compensation under its act both in cases where the contract of hire was made within the State and the injury occurred elsewhere, *Alaska Packers Association* v. *Industrial Accident Commission of California,* 294 U. S. 532, and in cases where the injury was sustained within the State, though the contract of hire was made elsewhere, *Pacific Employers Ins. Co.* v. *Industrial Accident Commission,* 306 U. S. 493. That this Commonwealth has a legitimate interest which would justify it in providing compensation to employees injured within its borders while working under a contract of employment made elsewhere cannot be doubted. As was said in the case last cited, "Few matters could be deemed more appropriately the concern of the state in which the injury occurs or more completely within its power" (page 503).

2. The employee has obtained an award under the compensation act of Rhode Island, and we must decide whether this constitutes a bar to the present proceeding by reason of the full faith and credit clause (art. 4, § 1) of the Federal Constitution. Relying on *Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, the insurer earnestly argues that the Rhode Island award precludes recovery here. There a resident of Louisiana while working in Texas under a contract of employment made in Louisiana suffered a compensable injury. After seeking and procuring an award in Texas under its workmen's compensation law, the employee, upon returning to Louisiana, discovered that he could obtain more liberal benefits under the Louisiana compensation act, and sought further relief in the courts of that State. The employer contended that the employee was barred from recovering in Louisiana on the ground that the Texas award was res judicata and was entitled to full faith and credit under the

Federal Constitution. This contention was rejected and the court gave judgment for the amount fixed by the Louisiana statute, after deducting the amount of the Texas payments. On certiorari this judgment was reversed by the Supreme Court of the United States in a five to four decision. It appeared that under Texas law a compensation award was res judicata and was entitled to the same faith and credit as a judgment of a court. The court held that the employee was free to pursue his remedy in either State but, having chosen to seek it in Texas, where the award was res judicata, the full faith and credit clause precluded him from again seeking a remedy in Louisiana upon the same grounds.

The employee relies on *Industrial Commission of Wisconsin* v. *McCartin*, 330 U. S. 622, which was decided four years after the *Magnolia Petroleum Co.* case. In that case a resident of Illinois employed by an Illinois employer under a contract of hire made in Illinois was injured while performing work in Wisconsin pursuant to the contract. He received compensation under the Illinois workmen's compensation act in these circumstances. A settlement contract was entered into between the employee and the employer calling for a lump sum settlement which was approved by one of the members of the Illinois Industrial Commission. The settlement contract, which became the award, contained a provision that "This settlement does not affect any rights that applicant may have under the workmen's compensation act of the State of Wisconsin." Subsequently the employee applied for compensation under the more liberal Wisconsin statute. The question for decision was whether the award in Illinois by reason of the full faith and credit clause was a bar to a subsequent award in Wisconsin. The court said, "If it were apparent that the Illinois award was intended to be final and conclusive of all the employee's rights against the employer and the insurer growing out of the injury, the decision in the *Magnolia Petroleum Co.* case would be controlling here" (page 626). The court then proceeded to analyze the Illinois statute and reached the conclusion that the Illinois award was different

from the Texas award in that it was not intended to be final and conclusive of the employee's rights and did not preclude an award under the Wisconsin act. The court observed that "in light of the rule that workmen's compensation laws are to be liberally construed in furtherance of the purpose for which they were enacted . . . we should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction"[1] (page 628).

Prior to the *Magnolia* and *McCartin* cases the Restatement: Conflict of Laws, § 403, read: "Award already had under the Workmen's Compensation Act of another state will not bar a proceeding under an applicable Act, but the amount paid on a prior award in another state will be credited on the second award." Following these decisions § 403 was changed so as to read as follows: "Award already, had under the Workmen's Compensation Act of another state will not bar a proceeding under an applicable Act, *unless the Act where the award was made was designed to preclude the recovery of an award under any other Act,* but the amount paid on a prior award in another state will be credited on the second award" (italics supplied). The clause in italics was added.

In comment a following the reworded § 403 it is stated that "The interest of more than one state in the employer-employee relationship enables each of them to provide its own statutory remedy. A state may declare by statute or decisions thereunder that if its remedy is pursued to judgment, it shall be exclusive. In the absence of any such declaration, however, the recovery of judgment under the Act of one state does not bar the recovery of judgment

---

[1] The court also rested its decision on the provision in the settlement agreement saving the rights of the employee under the Wisconsin act. "But when the reservation in this award is read against the background of the Illinois Workmen's Compensation Act, it becomes clear that the reservation spells out what we believe to be implicit in that Act — namely, that an Illinois workmen's compensation award of the type here involved does not foreclose an additional award under the laws of another state" (page 630).

under the Act of another state."[1]  Restatement: Conflict of Laws, 1948 Sup.  See Goodrich, Conflict of Laws, § 100; Larson, Workmen's Compensation Law, §§ 85.10–85.70.

With the foregoing principles in mind we turn to the law of Rhode Island.  No provision of the Rhode Island compensation act has been brought to our attention, and we have found none, which would accord to the award before us the effect that the Texas law gave to the award which was involved in the *Magnolia Petroleum* case and which was held to be entitled to full faith and credit in another State. Nor has any decision been brought to our attention which so construes the Rhode Island act.  In short we are unable to say on the basis of our study of the Rhode Island law that it was designed to make an award there exclusive so as to preclude the recovery of an award under any other act. Our conclusion is, therefore, that the case at hand is governed by the *McCartin* case rather than the *Magnolia* case and that the Rhode Island award is no bar to a recovery under our act.  Credit, of course, should be given for any sums received by the employee under the Rhode Island award. *McLaughlin's Case*, 274 Mass. 217, 222.

3. A question of practice remains.  General Laws (Ter. Ed.) c. 152, § 11, as amended by St. 1950, c. 634, § 1, provides that "If an employee appeals to the supreme judicial court from a decree of the superior court, the superior court may, upon motion, certify that the appeal raises a substantial question of law, in which event the expense of printing the necessary records, papers and briefs shall be paid from the fund established by section sixty-five."  The employee presented a motion in the court below for a certification under this provision and the motion was denied. He contends that this was error.  We do not agree.  The question raised by the appeal was undoubtedly a substantial question of law and the judge might well have granted the

---

[1] Recent cases in other jurisdictions applying the foregoing principles are *Cline* v. *Byrne Doors, Inc.* 324 Mich. 540, *Cook* v. *Minneapolis Bridge Construction Co.* 231 Minn. 433, *Baduski* v. *S. Gumpert Co. Inc.* 277 App. Div. (N. Y.) 591, and *Spietz* v. *Industrial Commission*, 251 Wis. 168.

motion. But the statute leaves the matter to the court's discretion and we cannot say that the judge abused his discretion in denying the motion.

The decree is reversed and a decree is to be entered remanding the case to the Industrial Accident Board for further proceedings in conformity with this opinion.

*So ordered.*