## Michelle D. Murphy's Case.

No. 99-P-335.

Suffolk. May 11, 2000. - December 20, 2001.

Present: Jacobs, Porada, & Beck, JJ.

*Workers' Compensation Act,* Insurer, What insurer liable, Double compensation, Reimbursement of insurer.

An insurance carrier whose policy with an employer applied only to New Hampshire was not an insurer within the meaning of G. L. c. 152, § 1(7), and therefore was not liable to pay workers' compensation benefits under the statute to a Massachusetts resident who was injured in New Hampshire during the course of employment [427-429]; this court concluded that there was no basis to find error in the decision of the reviewing board of the Department of Industrial Accidents reversing the order of an administrative judge imposing penalties on the insurance carrier [429].

This court declined to affirm the right of an insurance carrier to reimbursement of duplicate benefit payments made to an employee and a penalty paid to her in the course of a workers' compensation claim, because although the workers' compensation statute permitted recovery of such payments, such recovery was a matter of discretion, the exercise of which required fact finding that was beyond the authority of this court. [429-430]

Appeals from a decision of the Industrial Accident Reviewing Board.

After consolidation, the case was reported by *Lenk,* J.

*James W. Stone* for Massachusetts Bay Self-Insurance Group, Inc.

*Jean Shea Budrow* for Liberty Mutual Insurance Company.

*William N. Batty, Jr.,* for the employee.

Beck, J. The primary issue in this case is which of two insurance policies covers the workers' compensation claim of the employee. We also discuss the claims of one of the insurance carriers for reimbursement of benefits and penalties paid to the employee. Both insurance companies and the employee filed appeals from the decision of the Department of Industrial Ac-

cidents reviewing board (reviewing board). On motion of the parties, the appeals were consolidated. A single justice of this court reported the case to a panel.

*Factual background.* The employee is a Massachusetts resident. She was hired at the Boston headquarters of Patriots' Trail Girl Scout Council, Inc. (employer), to be a camp counselor and unit leader at Camp Wabasso in Bradford, New Hampshire, for the summer of 1994. In July, she was injured in the course of her employment. She was treated at a New Hampshire hospital and released the same day. The parties ultimately stipulated to the extent and duration of the employee's injuries.

At the time of the injury, the employer carried two workers' compensation insurance policies. A Liberty Mutual Insurance Company (Liberty Mutual) policy covered New Hampshire claims and those of some other states, but explicitly excluded coverage for claims under Massachusetts law. A Massachusetts Bay Self-Insurance Group, Inc. (Mass. Bay) policy covered only Massachusetts claims. Following the employee's injury in New Hampshire and the filing of a first report there, Liberty Mutual paid some of the employee's medical bills under its New Hampshire policy, but denied payment of weekly benefits under that policy on the ground that there was "no medical evidence to substantiate disability."

*Administrative proceedings.* Some time after the employee returned home to Massachusetts, she filed a claim against Liberty Mutual with the Commonwealth's Department of Industrial Accidents (DIA). Liberty Mutual denied the Massachusetts claim on the ground, among others, that it did not provide coverage under the Commonwealth's workers' compensation law. The employee then filed a claim against Mass. Bay with the DIA. At the conference pursuant to G. L. c. 152, § 10A, an administrative judge of the DIA ordered Liberty Mutual to pay the employee's benefits. Liberty Mutual filed a motion for reconsideration. A month later, when Liberty Mutual had not paid the benefits required by the conference order, the employee requested a status conference. At the status conference Liberty Mutual again asserted that it was not an insurer under the Massachusetts Workers' Compensation Act.

Mass. Bay agreed to accept an amended order, which required it to pay the employee benefits under G. L. c. 152, § 15A, while at the same time appealing the order.

Following an evidentiary hearing, see G. L. c. 152, § 11, the administrative judge found that Liberty Mutual was an insurer under c. 152, § 1(7). He concluded that Liberty Mutual had waived its defense that it was not an insurer under Massachusetts law by failing to assert that defense in its original denial of the employee's New Hampshire claim and by paying medical benefits under New Hampshire law. The administrative judge also thought it relevant that the Liberty Mutual premiums for the New Hampshire policy were based at least in part on the payroll for Camp Wabasso, which included the employee's wages. In consequence of these conclusions, he ordered Liberty Mutual to pay (1) the stipulated benefits to the employee; (2) a penalty of $10,000 to the employee pursuant to G. L. c. 152, § 8(1), for failure to comply with the conference order; (3) a penalty to the DIA pursuant to G. L. c. 152, § 14(1)(a), for a frivolous defense; and (4) attorney's fees and costs to both the employee and Mass. Bay for "defend[ing] this claim . . . without reasonable grounds," doubled because of the complexity of the issues. He also ordered Liberty Mutual to reimburse Mass. Bay for the compensation Mass. Bay had paid the employee pursuant to the amended order. See G. L. c. 152, § 15A. To avoid further penalties, Liberty Mutual paid all of these costs and penalties. See *Alliy* v. *Travelers Ins. Co.*, 39 Mass. App. Ct. 688, 690 & n.2 (1996). It then appealed the administrative judge's decision to the reviewing board. G. L. c. 152, § 11C.

The reviewing board determined that "each and every order against [Liberty Mutual was] contrary to law." The board reversed the administrative judge's decision, including all of the judge's orders against Liberty Mutual. It ordered Mass. Bay to pay all amounts due to the employee under her workers' compensation claim as well as her attorney's fees.

Liberty Mutual then filed a motion to amend, requesting the reviewing board to clarify the obligations of all the parties, including the employee's obligation to repay the $10,000 penalty as well as Liberty Mutual's right to recover duplicate

payments made as a result of the hearing decisions. The reviewing board denied the motion, on the ground that its "decision sufficiently set[] out the rights and obligations of all the parties."

*Issues on appeal.* There is no dispute that Massachusetts law applies to the employee's claim, because she entered the employment contract here. *Lavoie's Case*, 334 Mass. 403, 406, cert. denied, 352 U.S. 927 (1956). *Conant's Case*, 33 Mass. App. Ct. 695, 695-696 (1992). See G. L. c. 152, § 26. The employee argues that the reviewing board should not have reversed the penalties against Liberty Mutual and that she is therefore entitled to retain Liberty Mutual's penalty payment (and apparently the duplicate benefit payments as well). Mass. Bay argues that the reviewing board erred in concluding that Mass. Bay was responsible for paying the employee's claim because it is Liberty Mutual whose premiums reflect the employee's wages. Liberty Mutual filed two briefs: one in its role as appellee supporting the reviewing board's decision; the other as appellant seeking a clear directive "affirm[ing] its right to reimbursement of the duplicate benefit payments and the $10,000 [§ 8(1)] award." (The briefs were filed before the cases were consolidated.)

We accept the decision of the reviewing board if not tainted by error under G. L. c. 30A, § 14(7)(*a*)-(*d*), (*f*)-(*g*). *Robinson's Case*, 416 Mass. 454, 457 (1993). See G. L. c. 152, § 12(2); *Haley's Case*, 356 Mass. 678, 680 (1970); *Phillips's Case*, 41 Mass. App. Ct. 612, 615 (1996). We "give due weight to the experience, technical competence, and specialized knowledge of the [department], as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14, as amended by St. 1973, c. 1114, § 3.

*Definition of an insurer.* The reviewing board concluded that "the fundamental problem in the [administrative judge's] decision [was] its disregard of the statutory definition of 'insurer,' " under G. L. c. 152, § 1(7). The board ruled that "Liberty Mutual was not an 'insurer' in Massachusetts under [the statutory] definition, and no order of payment from the [DIA] could issue against it."

Under G. L. c. 152, § 1(7), as amended by St. 1950, c. 277, § 2, an insurer is "any insurance company . . . which has

contracted with an employer to pay the compensation provided for by [c. 152]." The board's decision that Liberty Mutual was not an insurer under this definition is sound. Liberty Mutual's policy with the employer explicitly provides in Part One that the workers' compensation insurance policy applies only to New Hampshire's workers' compensation law. No other state is listed. Massachusetts is explicitly excluded from the provisions regarding "Other States Insurance" as well. On the other hand, the employer's policy with Mass. Bay applies only to the "Workers' Compensation Law of the Commonwealth of Massachusetts."

"A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms." *Cody* v. *Connecticut Gen. Life Ins. Co.*, 387 Mass. 142, 146 (1982) (citations omitted). Here, the Liberty Mutual policy specifically excluded coverage under Massachusetts law, while Mass. Bay's policy is explicitly limited to Massachusetts coverage. (The explanation for changes in the employer's workers' compensation insurance carriers and the need for separate policies is not relevant to the issues before us.) The reviewing board's determination that "the only policy available for the payment of benefits in Massachusetts was that of Mass. Bay" was well warranted. See *Barrett* v. *Transformer Serv., Inc.*, 374 Mass. 704, 711-712 (1978) ("policy written for the insured was confined in its body to liability pursuant to the laws of New Hampshire and New York"; insurer's denial of coverage was binding in litigation against uninsured employer). Cf. *HDH Corp.* v. *Atlantic Charter Ins. Co.*, 425 Mass. 433, 437 (1997) (workers' compensation insurer had no obligation to defend where employee brought civil action against employer rather than claim for workers' compensation benefits, as required by statute).

Mass. Bay argues that the workers' compensation carrier whose premiums reflect the injured employee's wages is responsible for the workers' compensation payments. The law clearly provides otherwise. See G. L. c. 152, § 26; *Lavoie's Case*, 334 Mass. at 406; *Hayes's Case*, 348 Mass. 447, 450-452 (1965) (payment of premium based on payroll in which claimant's salary was included did not confer coverage where

claimant was not employee). See also *Louis's Case*, 424 Mass. 136, 141 (1997) (successor insurer payments). Cf. *Employers Mut. Liab. Ins. Co.* v. *Merrimac Mills Co.*, 325 Mass. 676, 681-682 (1950) (pursuant to provision in policy, employer was liable to pay additional premiums after policy period, depending on amount of remuneration actually paid during applicable period). See generally 3 Larson, Workers' Compensation § 63.04 (2001).

*Penalty.* The reviewing board reversed the administrative judge's order, explicitly addressing each aspect of the judge's decision. The board held that "the judge's order of § 14 penalties . . . cannot stand"; reversed the order of § 8(1) penalties against Liberty Mutual for refusing to pay the conference order; and termed the order that Liberty Mutual reimburse Mass. Bay under § 15A "unfounded." The basis for the reviewing board's decision was its conclusion that "Liberty Mutual was never subject to liability under the Massachusetts law, [and therefore] . . . cannot be held to have violated that law in any way by its refusal to pay." The various penalty provisions all refer to an "insurer." See G. L. c. 152, §§ 8(1), 14. Having decided that there was no error in the reviewing board's determination that Liberty Mutual is not an insurer, G. L. c. 152, § 1(7), there is no basis for us to find error in the board's decision.

*Recoupment.* At the conclusion of its (appellant's) brief, Liberty Mutual requests that this court "affirm [Liberty Mutual's] right to reimbursement of the duplicate benefit payments [to the employee] and the $10,000 [penalty] award[ed to her]." The argument is that if, as the board found, Liberty Mutual was not an insurer of Massachusetts claims, it should not have been called upon to make any payments, and therefore it is entitled to recover the money.

There is statutory as well as case law support for recovery of payments made under the workers' compensation statute. As to statutory relief, see, e.g., G. L. c. 152, § 7 (as in effect prior to 1985, see St. 1972, c. 742, § 1, authorizing State treasurer to seek reimbursement from employee); G. L. c. 152, § 11D(3) (inserted by St. 1991, c. 398, § 32, providing that "recoupment may be ordered pursuant to the filing of a complaint pursuant to [G. L. c. 152, § 10,] or by bringing an action against the

employee in [S]uperior [C]ourt"). See also *Pedro* v. *Spaulding Co.*, 3 Mass. Workers' Comp. Rep. 76, 82 (1989) (holding that omission in 1985 reform act, see St. 1985, c. 572, § 18, of provision for recoupment was "oversight" and resort could be had to the "catch-all" provision set out in G. L. c. 152, § 10[1]); *Brown* v. *Highland House Apartments*, 12 Mass. Workers' Comp. Rep. 322, 325 & n.6 (1998) (overpayments made by mistake may be recouped by filing claim under § 10[1], based on "the language of § 11D[3], . . . considered together with the board's equitable powers and the historic right of recoupment . . ."). Compare, as to the board's equitable powers, *Utica Mut. Ins. Co.* v. *Liberty Mut. Ins. Co.*, 19 Mass. App. Ct. 262, 267 (1985).

However, although workers' compensation law has authorized recoupment of monies paid, such payment appears to be a matter of discretion, see *Brown* v. *Highland House Apartments*, 12 Mass. Workers' Comp. Rep. at 326, unless the employee is currently receiving benefits. See G. L. c. 152, § 11D(2), (3). The exercise of discretion requires fact finding, cf. *Commonwealth* v. *Hodge*, 380 Mass. 851, 854 (1980) (exercise of discretion in setting bail), a task that neither the reviewing board nor this court is authorized to undertake. G. L. c. 152, §§ 11C, 12(2). "It is well established that a court 'will not decide a work[ers'] compensation case on the merits unless the record demonstrates that the parties have exhausted their available administrative remedies." *Utica Mut. Ins. Co.* v. *Liberty Mut. Ins. Co.*, 19 Mass. App. Ct. at 264, quoting from *Assuncao's Case*, 372 Mass. 6, 8 (1977). Such is not the case here. We therefore leave the parties to pursue such further action as they may elect.

*Decision of the reviewing board affirmed.*