HOME DEPOT[1] *vs.* JOHN KARDAS.

No. 10-P-1644.

Suffolk. October 5, 2011. - December 8, 2011.

Present: GRAHAM, RUBIN, & WOLOHOJIAN, JJ.

*Workers' Compensation Act,* Discontinuance of payments, Enforcement of order by Superior Court, Attorney's fees. *Practice, Civil,* Judgment on the pleadings.

In a civil action brought by an employer against a former employee, seeking to enforce what the employer deemed an order of recoupment of workers' compensation benefits that had been issued by an administrative judge of the Department of Industrial Accidents, a Superior Court judge erred in granting judgment on the pleadings in favor of the employer, where the order issued in the underlying proceeding was not a recoupment order that the employer was entitled to enforce; and where, even if the enforcement action could be construed as an action seeking an order of recoupment, the allegations in the complaint were insufficient to allow judgment on the pleadings. [30-31]

This court concluded that, in a civil action brought by an employer against a former employee, seeking to enforce what the employer deemed an order of recoupment of workers' compensation benefits that had been issued by an administrative judge of the Department of Industrial Accidents, the employer was not entitled to attorney's fees and costs, but the employee was entitled to reasonable appellate attorney's fees and expenses. [31]

CIVIL ACTION commenced in the Superior Court Department on July 16, 2007.

The case was heard by *D. Lloyd Macdonald,* J., on a motion for judgment on the pleadings.

*Charles E. Berg* for the defendant.

*John J. Canniff, III,* for the plaintiff.

WOLOHOJIAN, J. Home Depot brought an action, pursuant to G. L. c. 152, § 12, against John Kardas (a former employee), seeking to enforce what it deems a recoupment order issued by

---

[1]In the complaint, the plaintiff is identified as "Home Depot c/o Sedgwick CMS."

an administrative judge of the Department of Industrial Accidents (DIA). A Superior Court judge granted judgment on the pleadings in favor of Home Depot, Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974), and Kardas now appeals. We conclude that there was no recoupment order issued by the DIA that could be enforced by way of G. L. c. 152, § 12, and, accordingly, reverse.

"The effect of a motion for judgment on the pleadings is 'to challenge the legal sufficiency of the complaint.' *Burlington* v. *District Attorney for the N. Dist.*, 381 Mass. 717, 717-718 (1980). . . . 'For purposes of the court's consideration of the [rule 12(c)] motion, all of the well pleaded factual allegations in the adversary's pleading are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false.' 5 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1368, at 691 (1969)." *Minaya* v. *Massachusetts Credit Union Share Ins. Corp.*, 392 Mass. 904, 905 (1984). The court can also consider "facts of which judicial notice may be taken." *Jarosz* v. *Palmer*, 49 Mass. App. Ct. 834, 835 (2000), *S.C.*, 436 Mass. 526 (2002). Although we may take judicial notice of the docket entries and papers filed in separate cases, we may not take judicial notice of facts or evidence brought out in those separate actions. See *Howe* v. *Prokop*, 21 Mass. App. Ct. 919, 920 (1985). Using these principles, we summarize the admitted factual allegations of the complaint, together with those aspects of the administrative record of which we may take judicial notice. We do not — nor can we — look outside the pleadings,[2] despite Home Depot's argument below and here to the contrary. Contrast Mass.R.Civ.P. 12(c).[3]

Kardas was employed by Home Depot when he injured his

---

[2]For purposes of the rules of civil procedure, a "pleading" is defined by Mass.R.Civ.P. 7(a), as amended, 385 Mass. 1215 (1982), as a complaint, an answer, a reply to counterclaim, an answer to cross-claim, a third-party complaint, and a third-party answer. "No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." *Ibid.*

[3]Rule 12(c) provides that a motion for judgment on the pleadings shall be converted — after notice — to a motion for summary judgment pursuant to Mass.R.Civ.P. 56, 365 Mass. 824 (1974), if matters outside the pleadings are considered. Here, neither party requested that the motion be converted to one for summary judgment, nor did the judge give any indication that he intended to convert the motion. Furthermore, the judge's order on Home Depot's motion gives no indication that the motion was converted to one for summary

left knee by slipping and twisting his leg as he descended a ladder while at work. He filed a workers' compensation claim with the DIA, which Home Depot contested. On December 28, 2005, an administrative judge issued a conference order requiring Home Depot[4] to pay a closed period of total disability benefits, followed by ongoing partial disability benefits. Both parties appealed, and the matter was heard de novo by the same administrative judge. As a result of the second hearing, as well as additional medical and salary information that was brought forth, the administrative judge issued a new order (second order) that reduced both the amount and the duration of Kardas's benefits. Because the second order was issued on February 6, 2007, but terminated benefits as of October 24, 2005 (whereas the conference order had conferred ongoing benefits), the practical consequence was that Kardas had already received more than he was due.[5] Because it is relevant to our discussion below, we set out the second order in the margin.[6] Neither party appealed the second order.

Contending that the second order was an order of recoupment

judgment. In these circumstances, there was no basis for the judge below to consider matters outside the pleadings, nor is there any basis now for us to do so.

[4]Home Depot is self-insured.

[5]There is no allegation of wrongdoing by Kardas. The reduction was based on new information about Kardas's salary and on additional medical information that limited the duration of disability caused by the accident.

[6]The second order provides:

"1. That the insurer pay the employee temporary total incapacity benefits pursuant to [G. L. c. 152,] § 34 at the rate of $180.00 per week from May 11, 2005 to July 31, 2005 based upon on [sic] an average weekly wage [of] $300.00.

"2. That the insurer pay the employee temporary partial incapacity benefits pursuant to [G. L. c. 152,] § 35 at the rate of $90.00 per week from August 1, 2005 to October 24, 2005 based upon on [sic] an average weekly wage [of] $300.00 and an earning capacity of $150.00 per week.

"3. That insurer credit itself with any benefits paid to the employee that are included in this period of time.

"4. That the employee's rights under [G. L. c. 152,] § 36 are reserved.

"5. That the insurer pay the employee's attorney a fee of $4,925.03, plus reasonable expenses pursuant to § 13A(5) of the Act."

that could be enforced through G. L. c. 152, § 12,[7] Home Depot brought an enforcement action against Kardas in the Superior Court. It then moved for judgment on the pleadings, which the judge allowed in an order dated October 15, 2009. We review that order de novo. *Wheatley* v. *Massachusetts Insurers Insolvency Fund*, 456 Mass. 594, 600 (2010).

*Discussion.* The workers' compensation statute provides defined mechanisms by which an insurer can recoup excess payments. Where, as here, the employee no longer works for the employer, an insurer has two alternate ways of obtaining an order of recoupment. G. L. c. 152, § 11D(3).[8] First, the insurer can file a complaint with the DIA, pursuant to G. L. c. 152, § 10. G. L. c. 152, § 11D(3). Alternatively, the insurer can file a recoupment action in the Superior Court. *Ibid.*

It is undisputed that Home Depot never filed a recoupment complaint with the DIA under G. L. c. 152, § 10. Recoupment was never sought from, considered by, or decided by the DIA. There was, therefore, no recoupment order by the DIA. The fact that the practical consequence of the second order was that Kardas had received excess payments does not itself mean that the second order was an order of recoupment. Nor does a finding that an employee has received excess payments, standing alone, represent a recoupment order. The recoupment of excess payments is "a matter of discretion . . . unless the employee is currently receiving benefits." *Murphy's Case*, 53 Mass. App. Ct. 424, 430 (2001). And the exercise of such discretion "requires fact finding," *ibid.*, which did not occur here. In short, there

---

[7]"Whenever any party in interest presents a certified copy of an order or decision of a board member or of the reviewing board and any papers in connection therewith to the superior court department . . . , the court shall enforce the order or decision, notwithstanding whether the matters at issue have been appealed and a decision on the merits of the appeal is pending." G. L. c. 152, § 12(1), amended by St. 1985, c. 572, § 26.

[8]"An insurer that has paid compensation pursuant to a conference order, shall, upon receipt of a decision of an administrative judge or a court of the commonwealth which indicates that overpayments have been made be entitled to recover such overpayments by unilateral reduction of weekly benefits, by no more than thirty percent per week, of any remaining compensation owed the employee. Where overpayments have been made that cannot be recovered in this manner, recoupment may be ordered pursuant to the filing of a complaint pursuant to section ten or by bringing an action against the employee in superior court." G. L. c. 152, § 11D(3), inserted by St. 1991, c. 398, § 32.

was no recoupment order by the DIA that Home Depot was entitled to enforce through an enforcement action under G. L. c. 152, § 12.

Although, as noted above, Home Depot was entitled under G. L. c. 152, § 11D, to bring an action directly in the Superior Court to obtain an order of recoupment, it did not pursue that avenue of relief in this case. Instead, it brought an enforcement action under G. L. c. 152, § 12. Moreover, even had Home Depot invoked G. L. c. 152, § 11D, in its complaint, the allegations of the complaint were insufficient to allow judgment on the pleadings and to order recoupment. The complaint alleged only that Kardas had received excess payments; it did not contain allegations sufficient to determine whether recoupment would be appropriate or, if so, in what amount or on what schedule of repayment. See *Brown* v. *Highland House Apartments*, 12 Mass. Workers' Comp. Rep. 322, 326 (1998) (*Brown*) ("a judge may order none, some, or all of the overpayments as appropriate"); *Boyd* v. *Sciaba Constr.*, 12 Mass. Workers' Comp. Rep. 427, 429 (1998), quoting from *Brown, supra* at 326 & n.7 ("judge should apply a test of 'fundamental fairness' " balancing "several equitable considerations including the degree of culpability of the worker, the employer's negligence, the worker's ability to repay, the hardship the worker would suffer, and the amount of the overpayment").

In light of the above, Kardas is also correct that Home Depot was not entitled to attorney's fees and costs pursuant to G. L. c. 152, §§ 12(3) and 12A. By contrast, Kardas is entitled, under G. L. c. 152, § 12A, to his reasonable appellate attorney's fees and other necessary expenses. *Daly's Case*, 405 Mass. 33, 42 (1989). Within two weeks of the date on which this opinion is issued, Kardas is to submit a fee application that comports with *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004). Home Depot shall file any response within two weeks thereafter.

For the reasons set out above, Home Depot's motion for judgment on the pleadings should have been denied.

*Judgment reversed.*