NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-1082                                          Appeals Court

        WILLIAM FIALKOWSKI  vs.  DONNA BALTROMITIS.

                      No. 22-P-1082.

      Suffolk.    June 21, 2023. – September 12, 2023.

          Present:  Wolohojian, Singh, & Hand, JJ.


Summary Process.  Uniform Summary Process Rules.  Practice,
    Civil, Summary process, Judgment on the pleadings, Summary
    judgment.  Constitutional Law, Full faith and credit.  Res
    Judicata.



        Summary Process.  Complaint filed in the Eastern Division
of the Housing Court Department on May 7, 2021.

        A motion to dismiss was heard by Irene H. Bagdoian, J., and
the case was heard by her on a motion for judgment on the
pleadings.


        David M. McGlone for the defendant.
        Mark W. Corner (Lauren B. Bressman also present) for the
plaintiff.


        WOLOHOJIAN, J.  William Fialkowski (husband) and Donna

Baltromitis (wife) divorced in Alabama after entering into a

settlement agreement that, among other things, provided for the

disposition of a jointly owned marital home located in Boston

(property or Boston property). In summary terms, the property was to be listed for sale, and the parties were each to receive fifty percent of the net proceeds from the sale. The husband was to pay the mortgage until the property was sold; the wife was to have sole and exclusive possession until that time. The terms of the parties' agreement were incorporated, ratified, and confirmed in a final decree of divorce entered by the Circuit Court of Madison County, Alabama, on May 28, 2019.

Things did not work out as planned. Accordingly, approximately a year after the final divorce decree, on June 8, 2020,[1] the husband filed a motion for emergency relief in the Alabama court, alleging that the wife was refusing to cooperate in listing the Boston property, that she had taken actions in derogation of a neighbor's property rights, and that she had caused a lis pendens to be filed against the Boston property. The husband asked that the Alabama court "set this case for an expedited hearing at which it addresses the sale of the Massachusetts property, including requiring the . . . [w]ife to vacate the property and/or make the mortgage payment thereon." At the time the husband sought this relief, there was a temporary moratorium on nonessential evictions and foreclosures

---

[1] The husband had previously, on February 25, 2020, filed a petition for rule nisi, which is not included in the record before us and about which we accordingly do not have details.

in Massachusetts during the COVID-19 emergency (temporary eviction moratorium).  See St. 2020, c. 65.

After an evidentiary hearing during which both parties testified, the Alabama judge allowed the husband's motion for emergency relief on June 30, 2020, when the temporary eviction moratorium was still in effect.  The judge ordered that the wife vacate the Boston property within fourteen days, that the husband have the exclusive right to enter into a listing agreement for the sale of the property with a realtor of his choice, that the wife take all steps necessary to remove the lis pendens, and that the husband continue to make the mortgage payments, while leaving open whether he would receive a credit for any of those payments at the time of sale.[2]

After another evidentiary hearing approximately three months later[3] -- and still during the temporary eviction moratorium -- the judge found that the wife continued to refuse to vacate the Boston property and found the wife in contempt. The judge sentenced the wife to 355 days of incarceration in the county jail and awarded the husband $7,510 in attorney's fees.

_____

[2] The issues of the wife's contempt, and an award of attorney's fees to the husband, were reserved for final hearing.

[3] Neither the wife nor her counsel appeared for this evidentiary hearing, which took place on September 22, 2020.

A final evidentiary hearing on the husband's motions took place on February 2, 2021,[4] by which time the temporary eviction moratorium had expired.[5]  The judge found that the wife had willfully and contemptuously refused to vacate the Boston property, thus violating the judge's June 30, 2020 order on 612 separate occasions.  The judge sentenced the wife to a total of 365 days of incarceration in the county jail, ordered that the husband be reimbursed for mortgage payments he had made from July 1, 2020, through the date of sale and closing of the Boston property, and awarded the husband attorney's fees.  A final order entered on March 3, 2021 (Alabama final order).[6]

Having succeeded in obtaining from the Alabama court the orders and rulings we describe above, the husband then turned to the Massachusetts Housing Court for further relief.

---

[4] The husband and his counsel appeared at the final hearing. The wife did not appear; however, the wife's counsel was present and participated fully in the hearing.  Because the wife had been ordered to appear in person for the final hearing, her failure to appear led the judge to order that a warrant issue for her arrest.

[5] The temporary eviction moratorium expired on October 17, 2020.  See Expiration of Moratorium on Evictions and Foreclosures, https://www.mass.gov/info-details/expiration-of-moratorium-on-evictions-and-foreclosures [https://perma.cc/5Z98-ZRXX].

[6] The wife's motion to alter, amend, or vacate the Alabama final order was denied on April 5, 2021.  Thereafter, the Alabama final order was affirmed by the Alabama Court of Civil Appeals on June 24, 2022.

Specifically, he filed a summary process action on May 7, 2021, seeking possession of the Boston property based on the Alabama final order.  The wife did not file an answer to the complaint. She did, however, move to dismiss the complaint on the grounds that the notice of termination was defective and that the Alabama orders entered during the temporary eviction moratorium were void and, therefore, could not serve as a basis on which to award possession to the husband.  The husband opposed the motion to dismiss and also filed a motion for judgment on the pleadings, arguing that the Alabama final order was entitled to full faith and credit and that the issue of possession of the Boston property was res judicata.  The wife argued that the motion for judgment on the pleadings was premature because no answer to the complaint was yet due, or had been filed, and the wife's motion to dismiss was pending.  The wife also argued that disputed issues of fact precluded judgment on the pleadings.

After a hearing, in a thoughtful and comprehensive memorandum of decision and order, the Housing Court judge denied the wife's motion to dismiss, concluding that the notice of termination had given her all the notice to which she was due. The wife does not challenge this ruling on appeal.  Instead, this appeal focuses on the judge's handling of the husband's motion for judgment on the pleadings.  The judge sua sponte converted that motion to one for summary judgment on the ground

that it relied on materials outside the pleadings, specifically certified copies of the Alabama orders.  The judge then gave the Alabama final order full faith and credit and concluded that the issue of possession in favor of the husband was res judicata. On that basis, the judge ordered that judgment for possession enter in favor of the husband.

On appeal, the wife argues that her due process rights were infringed because the motion for judgment on the pleadings was premature in that it was filed before an answer was due or filed, and because the motion was converted to one for summary judgment without notice to her.  In addition, the wife argues that the Alabama orders entered during the temporary eviction moratorium were void and, as a result, were not entitled to full faith and credit in the Housing Court.[7]  We affirm.

Discussion.  We turn first to the wife's argument that the husband's motion for judgment on the pleadings was premature

---

[7] The wife raises two additional arguments on appeal that need no discussion.  First, her argument that the Housing Court judgment violated art. 30 of the Massachusetts Declaration of Rights is made without legal analysis or citation and does not rise to the level of appellate argument.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019); Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011). It was also not raised below and is accordingly waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) ("issue not raised or argued below may not be argued for the first time on appeal" [citation omitted]).  Likewise, her argument that the Alabama judgment was not "final," and therefore not entitled to full faith and credit, was not raised below and is waived.

because it was filed before the wife's answer was filed or due. There is no question that the motion was made before an answer had been filed; indeed, the wife never filed an answer despite actively litigating the case for close to a year in the Housing Court. But it is not true that the motion was filed before an answer was due. A summary process action is initiated by filing a summons and complaint in the form promulgated by the chief administrative justice of the trial court. See Rule 2 (a) of the Uniform Summary Process Rules (1993).[8] Among other items required on the form, the plaintiff must "choose an entry day (any Monday) prior to which [the plaintiff] can get effective service on the defendant and return of service." Commentary to Rule 2 of the Uniform Summary Process Rules. The entry day is important because the timing of many subsequent events is tied to it. For example, the answer (together with any counterclaims) must be filed and served no later than the first Monday after the entry day. See Rule 3 of the Uniform Summary Process Rules (1993); Rule 5 of the Uniform Summary Process Rules (1980). Likewise, all pretrial motions are to be filed by that same Monday. See Rule 6 of the Uniform Summary Process Rules (1993).

---

[8] "The form of [s]ummary [p]rocess [s]ummons and [c]omplaint, as promulgated by the [c]hief [a]dministrative [j]ustice of the [t]rial [c]ourt, shall be the only form of summons and complaint used in summary process actions."

In this case, the husband filed the summons and complaint on May 7, 2021 (which was a Friday), and the matter was entered on the docket on May 17, 2021 (the Monday ten days forward). See Rule 2 (d) of the Uniform Summary Process Rules. The wife's answer was accordingly due on May 24, 2021, as were any motions she wished to file.[9] Not only did the wife not file an answer by the deadline, she never sought or obtained leave to file an answer late.

The wife seeks safe harbor in Mass. R. Civ. P. 12 (a) (2), 365 Mass. 754 (1974), which provides that a defendant who timely files a motion to dismiss[10] is relieved of filing an answer until ten days after notice of the court's ruling on that motion. See

---

[9] The husband's motion for judgment on the pleadings was filed almost three months later, long after the wife should have filed an answer or obtained leave to file one late. Instead, the wife filed only a motion to dismiss, which was itself untimely since it was filed one month after it was due under Rule 6 of the Uniform Summary Process Rules. The husband's motion for judgment on the pleadings was also filed late; in fact, four months after it should have been. It does not appear that either party obtained leave for the late filings. However, the judge accepted the motions despite their timing and considered them on their merits. Because, on appeal, no one challenges the lateness of the other side's dispositive motion, and nothing substantive turns on the delay, we rest no aspect of our decision on the timing of either motion.

[10] When we use the word "timely" in this sentence, we do not necessarily mean a motion filed within the twenty days required under rule 12, because a motion may be "timely" for purposes of tolling the deadline for filing an answer if the parties have agreed to an extension of time or the court allows a motion to extend time.

1973 Reporter's Notes to Mass. R. Civ. P. 12 ("[f]iling any motion under [r]ule 12 'stops the clock' on the . . . responding period").  But that port is not available in summary process actions.  See Rule 1 of the Uniform Summary Process Rules (1980) (rules of civil procedure apply in summary process actions only where they are not inconsistent with uniform summary process rules).  Instead, Rule 3 of the Uniform Summary Process Rules requires that the answer be filed on the Monday following the entry day, with no exception unless otherwise allowed by the court.  See Commentary to Rule 3 of the Uniform Summary Process Rules ("The requirement that answers be filed and served no later than the first Monday after the Monday entry day establishes that day as the last day for filing and service of the answer").  Indeed, Rule 6, second par., of the Uniform Summary Process Rules provides that -- even if a motion to dismiss is filed before the entry day (and, thus, before an answer is due) -- the answer must nonetheless be filed in accordance with rule 3, even if the motion is continued or taken under advisement.  See Commentary to Rule 6 of the Uniform Summary Process Rules ("unless the motion is allowed or the court otherwise orders, the regular schedule for summary process cases [answer, trial date, etc.] w[ill] not be changed" by filing motion to dismiss).  In other words, the tolling of the deadline for filing an answer that occurs when a motion to

dismiss is filed pursuant to Mass. R. Civ. P. 12 (a) (2) does not occur when a motion to dismiss is filed pursuant to Rule 6 of the Uniform Summary Process Rules in a summary process action.

In these circumstances, the husband's motion for judgment on the pleadings was not prematurely filed, even though Mass. R. Civ. P. 12 (c) states that a motion for judgment on the pleadings is to be made "[a]fter the pleadings are closed." "Closed" in this context does not necessarily mean when all pleadings have been filed; the pleadings may be "closed" where, as here, the time for filing them has passed without seeking or obtaining leave to file late. As we have already noted, the husband did not file his motion for judgment on the pleadings until several months after the time for the answer had passed, the wife did not seek leave to file her answer late, and even now she offers no explanation for her failure to timely file the answer.

Even if not procedurally premature, the wife argues that the motion was substantively premature in the sense that the judge could not properly apply the standard for deciding a motion for judgment on the pleadings where no answer had yet been filed, which requires that the facts be taken in the light most favorable to the nonmoving party. In the wife's view, since there was no answer, the judge could not know which facts

were to be taken in the light most favorable to her as the nonmoving party. See Jarosz v. Palmer, 436 Mass. 526, 529-530 (2002) ("In deciding a rule 12 (c) motion, all facts pleaded by the nonmoving party must be accepted as true"); Home Depot v. Kardas, 81 Mass. App. Ct. 27, 28 (2011). But where a party, like the wife here, fails to timely and properly deny the factual allegations of a complaint, those allegations are deemed admitted. See Mass. R. Civ. P. 8 (d), 365 Mass. 749 (1974) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading"). We have not previously decided whether a judge may allow a motion for judgment on the pleadings because the allegations of the complaint were admitted by the failure to file an answer. And we need not, and do not, decide that question here because, in any event, the only three factual averments of the complaint were undisputed. Specifically, the complaint alleged only (a) that the wife had not vacated the premises, (b) the date of the first notice of termination, and (c) that copies of the notice and the Alabama final order were attached. Because these three allegations were undisputed in any event, the fact that the complaint had not been answered was no impediment to considering

the motion for judgment on the pleadings, nor did any harm flow from doing so.[11]

The wife also argues that the judge erred in converting the motion for judgment on the pleadings to one for summary judgment without first giving notice to the parties.  It is true that the judge did not alert the parties that she intended to convert the motion, or was even contemplating doing so.  The best practice most certainly is for the judge to give notice to the parties before converting a rule 12 dispositive motion to a summary judgment motion under Mass. R. Civ. P. 56, 365 Mass. 824 (1974).  Rule 56 motions normally entail examination of a factual record whereas rule 12 motions do not, compare Mass. R. Civ. P. 12 and Mass. R. Civ. P. 56, and therefore, the nonmoving party should receive notice so that the nonmoving party has a meaningful opportunity to present relevant factual materials that bear on the motion.  See Stop & Shop Cos. v. Fisher, 387 Mass. 889, 891-893 (1983).  Where a rule 12 motion is improperly converted to one for summary judgment without notice, we may "affirm the decision below only if 'it appear[ed] to a certainty that [the nonmovant] [was] entitled to no relief under any state of facts

_____

[11] The complaint also alleged that the notice of termination was lawful, which the wife disputed.  Setting aside whether this was a purely legal conclusion rather than an allegation of fact, the wife makes no argument on appeal that the notice was defective.

which could be proved in support of the claim'" (citation omitted).  Id. at 893.  Put otherwise, we may affirm only if the wife "was not harmed by the absence of additional procedures," i.e., by the conversion without notice.  Jarosz, 436 Mass. at 530.

For several reasons, that is the case here.  To begin with, the judge did not need to convert the motion in order to take the Alabama final order into account.  The Alabama final order was attached to the complaint, and regardless, the judge could have taken judicial notice of it without converting the motion. See Jarosz, 436 Mass. at 530; Home Depot, 81 Mass. App. Ct. at 28.  Equally important, the core issue presented by the motion for judgment on the pleadings was a legal one, not a factual one:  namely, whether the Alabama final order was entitled to full faith and credit and, if so, whether the issue of possession of the Boston property was res judicata.  Resolution of this issue was one of law that did not require resort to extrinsic facts, let alone to disputed ones.  Cf. Heron v. Heron, 428 Mass. 537, 538-542 (1998) (giving Nevada order dividing marital property full faith and credit).

With the procedural arguments out of the way, we now turn to the wife's argument that the Alabama final order should not have been given full faith and credit because the earlier Alabama orders on which it built violated the temporary eviction

moratorium.  Whatever merit this argument might have (and we express no opinion on it), the problem for the wife is that she could not use the Housing Court case to mount a collateral attack on the Alabama final order.[12]

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."  U.S. Const. art. IV, § 1.  This means that the Housing Court judge was required to give the Alabama final order the same finality that it would receive in Alabama.  See Heron, 428 Mass. at 538-539.  "Divorce decrees are not an exception to full faith and credit," id. at 539, nor are subsequent contempt judgments enforcing the division of marital property under such a decree.[13]  See Matter of Moon, 211 B.R. 483, 486 (S.D.N.Y.

---

[12] The record on appeal does not show that the wife raised the eviction moratorium in the Alabama litigation, and this fact was confirmed by counsel for the wife during oral argument.  In a postargument submission seeking to supplement the appellate record, the wife contends that she did, in fact, raise the eviction moratorium in Alabama.  Accordingly, although counsel's statement at oral argument was correct regarding the state of the appellate record, it may not have been correct with respect to whether the eviction moratorium had been interposed as a defense to the Alabama contempt action.  In the end, for our purposes, it matters not whether the issue was or was not raised in the Alabama court because, either way, res judicata acts as a bar "not only as to matters actually presented to sustain or defeat the right asserted in the earlier proceeding, but also as to any other available matter that might have been presented to that end."  Whisman v. Alabama Power Co., 512 So. 2d 78, 81-82 (Ala. 1987).

[13] We expressly note that this case does not present -- nor do we hold -- that the portion of the Alabama final order

1997) (contempt order entered by Massachusetts Probate and Family Court entitled to full faith and credit by bankruptcy court). "Because we must give to the [Alabama final order] the same finality it would receive in [Alabama], [Alabama's] rules on res judicata govern this question." Heron, supra at 540.

In Alabama, the "elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions" (quotation and citation omitted). Burkes vs. Franklin, Alabama Supreme Court, No. SC-2022-0649, slip op. at 10 (Nov. 18, 2022). "If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation" (citation omitted). Id. at 11.

All four elements of res judicata are met here: (1) the Alabama final order was a judgment on the merits of the husband's contempt complaint, and was later affirmed on appeal; (2) the wife does not challenge (nor could she) that the Alabama court had jurisdiction to decide whether the wife was in contempt of the divorce decree previously entered by that same

---

imposing a civil contempt sentence of incarceration is, or would be, entitled to full faith and credit in Massachusetts. We deal here only with that portion of the Alabama final order pertaining to the possession and division of the Boston property.

court; (3) the husband and wife were the parties in both the Alabama court litigation and the Massachusetts Housing Court litigation; and (4) the issues of possession and occupancy of the Boston property were presented in both actions. Accordingly, the Housing Court judge properly gave full faith and credit to the res judicata effect of the Alabama final order with respect to the Boston property, just as that order would be honored in the courts of Alabama.  See Heron, 428 Mass. at 538-539.

For these reasons, the judgment of the Housing Court is affirmed.[14]

So ordered.

---

[14] The husband's request for attorney's fees is denied.