NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-118

PATRICIA MARK

vs.

TOWN OF TISBURY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Patricia Mark, appeals from a Superior Court judgment dismissing her complaint against the defendants, the town of Tisbury (town), Town Administrator John Grande, and Tisbury police Lieutenant Eerik Meisner.  We affirm.

Background.  We summarize the facts from Mark's complaint, accepting as true the facts alleged therein as well as any reasonable inferences drawn therefrom.  See Lopez v. Commonwealth, 463 Mass. 696, 700 (2012).  Mark was hired by the town as an administrative secretary to the chief of police in December 2011.  On August 1, 2016, Mark notified the town's human resources director of alleged "illegal" acts committed by her supervisor, police Chief Daniel Hanavan.  On August 4, 2016,

_____

[1] John Grande and Eerik Meisner.

Chief Hanavan reprimanded Mark for an alleged workplace violation. Mark filed a grievance through employee union channels and, as a result, defendant Grande voided the reprimand and issued a modified reprimand to Mark. On June 14, 2017, Mark filed a complaint in the Superior Court against the town, Chief Hanavan, and Grande, alleging a violation of the Massachusetts whistleblower act, G. L. c. 149, § 185 (prior action).[2] The defendants filed a motion to dismiss the prior action on April 30, 2018.

Meanwhile, on January 29, 2018, and February 13, 2018, Lieutenant Meisner filed written complaints (Meisner letters) with Chief Hanavan alleging noncriminal wrongdoing by Mark in the workplace. Meisner claimed that Mark's "blatantly hostile and disrespectful" conduct and demeanor toward him had created a "very uncomfortable working condition/environment."[3] On February 20, 2018, Mark was placed on administrative leave pending investigation into Meisner's letters. On May 10, 2018, prior to the completion of the investigation, Mark resigned, "effective

---

[2] We take judicial notice of the docket entries and papers filed in the prior action. See Home Depot v. Kardas, 81 Mass. App. Ct. 27, 28 (2011).

[3] Meisner's letters included allegations that Mark: (1) would not respond to Meisner's "greeting[s]"; (2) walked into Meisner's office unannounced and "tossed papers on [his] desk"; (3) spoke to Meisner in a hostile tone; and (4) entered Meisner's office "without any attempt to announce herself and interrupted business [he] was conducting on behalf of the chief in a very rude and disrespectful manner."

June 1, 2018."  Mark alleged that her resignation "was forced by actions of the Defendants, Grande and the Town of Tisbury by beginning the investigation with the intent on firing [her] as a pretext to her whistleblowing activity."

On May 29, 2018, Mark filed a motion to amend her complaint in the prior action, seeking to add defendants, including Meisner, and to bring claims of libel and slander against Meisner.  On July 11, 2018, a Superior Court judge dismissed all but one count[4] of the proposed amended complaint in the prior action because Mark "pled only legal conclusions and not facts alleging rights to recover under the various legal theories." However, the judge granted her leave to replead the dismissed counts, including the count of libel against Meisner and a count alleging constructive discharge.  Mark never availed herself of this opportunity, and, on November 13, 2020, a second Superior Court judge allowed the defendants' motion for summary judgment, which resulted in dismissal of the prior action.

While the prior action was still pending, Mark requested a copy of her personnel file from the town, pursuant to G. L. c. 149, § 52C.  On July 30, 2018, Mark received several documents, but not the Meisner letters.  Mark again requested

---

[4] The Superior Court judge denied the motion to dismiss Mark's wage and hour claim in the prior action, which is not at issue in the present appeal.

the documents pursuant to the Massachusetts public records law, G. L. c. 66, § 10, but was told that the records requested were exempt from release because they contain "data relating to a specifically named individual." G. L. c. 4, § 7, Twenty-sixth (c). Mark appealed to the supervisor of records in the Secretary of State's office and received the requested documents, which were redacted. Following a subsequent appeal, the supervisor of records "issued a determination that the redacted document . . . contained proper redactions." On July 25, 2019, Mark filed an action in the Superior Court, seeking a declaratory judgment regarding the legitimacy of the redactions. The court ordered the town to provide Mark an unredacted copy of the Meisner letters, which she received on April 4, 2020.

On March 28, 2022, Mark filed a complaint in the Superior Court in the present action alleging: (1) violation of G. L. c. 93A by the town; (2) wrongful discharge; (3) negligent hiring and retention of an employee (Meisner) against the town; and (4) defamation and libel against Meisner.

In June 2022, the town and Grande, and, separately, Meisner filed motions to dismiss for failure to state a claim upon which relief can be granted. See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). Following a hearing, another Superior Court judge (motion judge) allowed the motions to dismiss. Mark filed

an untimely appeal but was granted an extension to file a late notice of appeal.

Discussion. "We review the allowance of a motion to dismiss de novo." Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014). "We accept as true the facts alleged in the plaintiff['s] complaint as well as any favorable inferences that reasonably can be drawn from them." Id. "Factual allegations are sufficient to survive a motion to dismiss if they plausibly suggest that the plaintiff is entitled to relief." A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 424 (2018). The plaintiff must plead more than "subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts" (quotations and citation omitted). Schaer v. Brandeis Univ., 432 Mass. 474, 478 (2000).

1. General Laws c. 93A. Mark alleges that the town committed an "unfair trade practice" in violation of c. 93A, by delaying production of the unredacted Meisner letters in response to Mark's public record request. Mark fails to cite to any case law or other legal authority to support this argument. Accordingly, the claim does not rise to the level of appellate argument and is deemed waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). See also Tobin v. Commissioner of Banks, 377 Mass. 909, 909 (1979).

Moreover, Mark does not specify whether she brings the claim pursuant to § 9 or § 11 of chapter 93A.  If pursuant to § 9, she failed to provide the defendants with "a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered" at least thirty days prior to filing suit. G. L. c. 93A, § 9 (3).  The demand letter is "a special element" (citation omitted), Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 287 (1985), and a "plaintiff has the burden of alleging and proving the timely sending of a letter complying with the statutory specifications."  Spilios v. Cohen, 38 Mass. App. Ct. 338, 342 (1995).  The present case also does not involve a business-to-business claim within the meaning of § 11, but rather an employer-employee relationship.  See Governo Law Firm, LLC v. Bergeron, 487 Mass. 188, 195 (2021) ("G. L. c. 93A, § 11, does not apply to employer-employee disputes arising out of the employment relationship").  See also All Seasons Servs., Inc. v. Commissioner of Health & Hosps. of Boston, 416 Mass. 269, 271 (1993) (concluding that hospital was not involved in trade or commerce within the meaning of § 11 where hospital's alleged conduct "did not take place in a business context"). Therefore, the c. 93A claim falls short.

2.  Wrongful discharge.[5]  Mark likewise cites to no legal authority in her brief in support of her wrongful discharge claim.  Thus, the claim does not rise to the level of appellate argument and is deemed waived.  See Mass. R. A. P. 16 (a) (9) (A).  We further note that "[i]n order for a constructive discharge to be found, the trier of fact must be satisfied that the . . . working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign" (quotation omitted).  GTE Prods. Corp. v. Stewart, 421 Mass. 22, 34 (1995).  This analysis requires "an objective assessment of the conditions" of employment.  Id.

> "A single, isolated act of an employer . . . usually will not be enough to support a constructive discharge claim. Thus, evidence of a single unfavorable performance review or . . . demotion generally will not be deemed sufficient to support a claim. . . .  [A]dverse working conditions must be unusually aggravated or amount to a continuous pattern before the situation will be deemed intolerable" (quotations and citation omitted).

Id. at 34-35

Here, Mark does not allege facts that plausibly show that her working conditions were so difficult or unpleasant that a reasonable person would feel the need to resign.  Furthermore, the Meisner letters and consequential investigation constitute

---

[5] Generally, "constructive discharge" acts as a theory of wrongful discharge and does not stand as an individual claim. See GTE Prods. Corp. v. Stewart, 421 Mass. 22, 33-34 (1995).

an isolated incident, which does not amount to a continuous pattern of adverse working conditions. Moreover, an employee has an "obligation to be reasonable [and] not to assume the worst, and not to jump to conclusions too fast" (citation omitted). GTE Prods. Corp., 421 Mass. at 36. Mark, however, did just that when she resigned before the investigation was complete. Ultimately, Mark's complaint is devoid of sufficient factual development to support a theory of constructive discharge.

3. Negligent hiring and retention. Mark's complaint fails to establish a plausible claim of negligent hiring and retention. The doctrine of negligent hiring and retention states that, pursuant to an employer's duty to exercise reasonable care in staffing employees,

> "[n]egligence in hiring or retaining a person . . . who is unfit for the job provides a ground of liability for the harmful effects of the choice upon related persons. . . . [E]mployers are responsible for exercising reasonable care to ensure that their employees do not cause foreseeable harm to a foreseeable class of plaintiffs" (quotations and citations omitted).

Cottrell v. Laidley, 103 Mass. App. Ct. 483, 493 (2023).

Here, Mark argues that the town was negligent in rehiring Meisner after he took a break of longer than five years from law enforcement and did not comply with the regulatory training

requirements on his return.[6]  Assuming without deciding that the
town did commit a regulatory violation by rehiring Meisner when
he had not completed the requisite training, the allegations in
Mark's complaint do not plausibly suggest that a failure to use
reasonable care in hiring Meisner was the proximate cause of any
harm to her.  See Foster v. The Loft, Inc., 26 Mass. App. Ct.
289, 290-292, 295 (1988).

    4.  Defamation and libel.  Mark's defamation and libel
claim[7] also fails as a matter of law.  To establish a claim of
defamation, a plaintiff must show that:  (1) the defendant
published a defamatory statement to a third party; (2) of and
concerning the plaintiff; (3) that is capable of damaging the
plaintiff's reputation in the community; and (4) either caused
the plaintiff economic loss or is actionable without proof of
economic loss.  Kelleher v. Lowell Gen. Hosp., 98 Mass. App. Ct.
49, 52 (2020).  "A statement that is claimed to be defamatory
must reasonably be understood either as a statement of actual
fact, or one that implies defamatory facts. . . .  Statements
that are merely 'rhetorical hyperbole,' or that express a
'subjective view,' are not statements of actual fact."  Id. at

---

[6] See 550 Code Mass. Regs. §§ 3.00 (2013) (identifies necessary
basic training for Massachusetts police officers).
[7] Defamation is characterized as libel where the defamatory
statement is published in writing.  See Ravnikar v.
Bogojavlensky, 438 Mass. 627, 629 (2003).

53. Comments in an employment context regarding one's professional conduct typically constitute a subjective opinion. See id. at 53-54.

Assuming, arguendo, that Meisner made defamatory statements, they are protected by the doctrine of conditional privilege. "An employer has a conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer's legitimate interest in the fitness of an employee to perform his or her job" (citation omitted). McCone v. New England Tel. & Tel. Co., 393 Mass. 231, 235 (1984). Performance reviews are subject to the conditional privilege. See id. at 235-236. However, the privilege can be lost if the defendant published the statement knowing "the information was false, . . . had no reason to believe it to be true, or . . . recklessly published the information" (citation omitted). Dragonas v. School Comm. of Melrose, 64 Mass. App. Ct. 429, 438 (2005). The privilege may also be lost if the defendant acted out of malice by publishing the statement with the intention of injuring the plaintiff, see id., or with "reckless disregard" of the plaintiff' rights. Id. at 439, quoting Ezekiel v. Jones Motor Co., 374 Mass. 382, 390 (1978). Here, the record indicates that Meisner's letters were subject to the conditional privilege. Mark does not point to any allegations that suggest that Meisner

submitted the letters believing his statements to be untrue, or that suggest that Meisner acted with malice.  For these additional reasons, Mark's defamation claim is unavailing. Accordingly, the motion judge properly allowed the motion to dismiss.[8]

Judgment dated July 25, 2022, affirmed.

By the Court (Wolohojian, Neyman & Shin, JJ.[9]),

Assistant Clerk

Entered:  March 11, 2024.

---

[8] We decline Meisner's request for appellate fees and expenses.
[9] The panelists are listed in order of seniority.