NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1508

SABRINA M. WILLIAMS

vs.

JENNIFER M.R. ULWICK.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Sabrina Williams, appeals from the dismissal of her civil action in the Superior Court against the defendant, Probate and Family Court Justice Jennifer Ulwick. This action concerns a divorce case in which Williams was a party and Justice Ulwick was the presiding judge. As the complaint sought review of the proceedings in the Probate and Family Court, the Superior Court judge dismissed the action, among other reasons, for lack of subject matter jurisdiction. See Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974).

We affirm the dismissal. The Superior Court does not have the power to grant relief with respect to rulings of the Probate and Family Court -- put differently, it does not have appellate

jurisdiction with respect to the actions of that court. Furthermore, to the extent that Williams's complaint could be characterized as seeking mandamus relief directing the Probate and Family Court judge to act, the Superior Court does not have jurisdiction over mandamus actions against other courts.

Background.  As indicated, this case arises out of a divorce proceeding, the parties to which were Williams and her ex-husband R.W. (the divorcing spouses), and for which, in part, the defendant was the presiding judge.[1]  In November of 2021, a modification judgment issued granting R.W. sole custody of his and Williams's child.  Subsequently, the divorcing spouses filed a number of motions and other pleadings.  In response, in July of 2022, the court issued an order requiring both divorcing spouses to seek permission of the court before filing further motions or complaints.

On June 6, 2023, Williams filed a motion for permission to file a motion for joint custody under Probate and Family Court Standing Order 2-99.  Subsequently, R.W. filed an answer to a prior complaint filed by Williams, without seeking permission of the court.

---

[1] We have taken judicial notice of certain docket entries and papers filed in the related action.  See Home Depot v. Kardas, 81 Mass. App. Ct. 27, 28 (2011).

2

On July 3, 2023, Williams filed the present action against the defendant. The nature of the action is not clear from the complaint; the complaint alleges (1) that the defendant was "unfair and impartial towards [Williams]" in that R.W. was "allowed" to file an answer without seeking the court's permission; (2) that the defendant was "unfair to [Williams]" in that she denied certain of Williams's motions after R.W. filed his answer without permission; and (3) that the defendant did not comply with Probate and Family Court Standing Order 2-99, seemingly because the defendant had not yet ruled on Williams's motion.

The defendant moved to dismiss the complaint, and in November of 2023, the court granted the defendant's motion. As grounds therefor, the court stated that "this court lacks subject matter jurisdiction over the complaint because it has no jurisdiction to review Probate and Family Court proceedings and rulings or to alter such rulings."

Discussion. "We review the allowance of a motion to dismiss pursuant to rule 12 (b) (1) for lack of subject matter jurisdiction de novo, accepting the complaint's allegations as true and drawing all reasonable inferences in favor of the plaintiff." Nordberg v. Commonwealth, 96 Mass. App. Ct. 237, 239 (2019). We agree that the Superior Court did not have

3

jurisdiction to review the defendant's judicial actions in the Probate and Family Court case.

Here Williams's complaint asked the Superior Court judge, for example, to review the defendant's "allow[ance]" of an answer filed by R.W., to review the defendant's orders denying certain motions of Williams, and also to review the timeliness of the defendant's response to a motion of Williams. However, orders and actions of the Probate and Family Court may be appealed to this court or the Supreme Judicial Court, not the Superior Court. See G. L. c. 215, § 9. The Superior Court had no jurisdiction to review these orders.

Williams does argue that as to the actions Williams challenges, the defendant was acting "outside of her judicial capacity."[2] This argument is without merit for the simple reason that the actions Williams complains of are all judicial acts -- they are actions (or alleged inactions) of the defendant with respect to matters before her as a judge. The Superior

---

[2] In her brief, Williams discusses proceedings in her Probate and Family Court case, involving the defendant, which occurred after July 3, 2023. These are not the subject of the present case on appeal and accordingly we do not consider them.

Williams also claims that the defendant was untimely in responding to the complaint, and that the Superior Court judge should not have granted the defendant additional time to respond. As the complaint was properly dismissed for lack of subject matter jurisdiction, we need not consider these claims of error.

4

Court judge correctly ruled that he lacked the power to address such claims. See Nordberg, 96 Mass. App. Ct. at 239, quoting Wachovia Bank, Nat'l Ass'n v. Schmidt, 546 U.S. 303, 316 (2006) ("[s]ubject matter jurisdiction 'concerns a court's competence to adjudicate a particular category of cases'").

Finally, if we were to construe Williams's complaint as a civil action in the nature of mandamus, see G. L. c. 249, § 5, jurisdiction still would not lie with the Superior Court. The Superior Court does not have original jurisdiction to hear actions in the nature of mandamus against other courts, or judicial officers thereof. See G. L. c. 211, § 4A; G. L. c. 213, § 1A.

Judgment affirmed.

By the Court (Henry, Desmond & Englander, JJ.[3]),

Clerk

Entered: February 6, 2025.

---

[3] The panelists are listed in order of seniority.

5